Samantha SMITH n/k/a Samantha Gray, Appellant,

v.

PREMIUM HOMES, INC., Respondent.

No. ED 81508.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 25, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 16, 2003.

John S. McCollough, St. Louis, MO, for appellant.

Steven M. Hamburg, St. Louis, MO, for respondents.

1. All future statutory references are to RSMo 2000 unless otherwise indicated.

MARY R. RUSSELL, Presiding Judge.

Samantha Smith n/k/a Samantha Gray ("Saleswoman") appeals from the grant of summary judgment in favor of Premium Homes, Inc. ("Developer") in her action for breach of contract and quantum meruit. Because the trial court's grant of summary judgment did not dispose of Developer's counterclaims, we dismiss the appeal.

Pursuant to a sales representative agreement, Saleswoman agreed to market and sell real estate built by Developer in exchange for a commission payment on each property sold. After a dispute between the parties, Saleswoman filed a petition in St. Louis County Circuit Court for breach of contract and quantum meruit to recover commission payments due her under the agreement. Developer filed counterclaims against Saleswoman alleging breach of contract and negligence.

Developer filed a motion for summary judgment alleging that, pursuant to section 339.160 RSMo 2000,[1] Saleswoman was prohibited from enforcing the sales representative agreement because she was not a licensed real estate broker at the time she entered into the agreements or at the time of the transactions for which she was seeking a commission.

The trial court sustained Developer's motion for summary judgment citing *O'Conner v. Follman,* 747 S.W.2d 216 (Mo. App.1988) (finding that sections 339.150 and 339.160 prohibit a party from recovering commissions earned in real estate transactions without first alleging and proving that the party is a licensed real estate broker). There was, however, no mention of Developer's counterclaims in the grant of summary judgment.

Saleswoman appeals the grant of summary judgment in favor of Developer.

Developer filed a motion with this court to dismiss the appeal claiming that we lack jurisdiction because the trial court failed to make a finding as to the counterclaims filed by Developer, and the judgment, therefore, is not final and appealable. We agree.

■■■ Appellate courts have jurisdiction only over final judgments. *State ex rel. Sullivan v. Roberts*, 948 S.W.2d 709, 709 (Mo.App.1997). A judgment is final if it disposes of all parties and all issues in a case and leaves nothing for future determination. *Beelman River Terminals, Inc. v. Mercantile Bank, N.A.*, 880 S.W.2d 902, 903 (Mo.App.1993). If more than one claim for relief is presented in a case, a trial court may enter a judgment as to fewer than all the claims only upon an express determination that there is no just reason for delay. *Id.*; Rule 74.01(b). Absent such a finding, the judgment is not final, and we are without jurisdiction.

■■■ It is firmly established in Missouri law that if a counterclaim is pleaded, a finding must be made disposing of the counterclaim or the judgment is not final and appealable. *See Reynolds v. Briarwood Dev. Co.*, 662 S.W.2d 905, 906 (Mo. App.1983). The generally recognized exception to this rule is that if a finding in the main claim necessarily carries with it a determination of the counterclaim, then this constitutes a final judgment even though the counterclaim was not specifically mentioned in the judgment. *See id.*

We find this case does not fall within the exception to the rule. The trial court's grant of summary judgment in favor of Developer on Saleswoman's petition for breach of contract and quantum meruit does not necessarily determine Developer's counterclaims for breach of contract and negligence. Absent a determination that there is no just reason for delay, the

judgment is not final, and we lack jurisdiction to entertain this appeal.

Developer's motion to dismiss Saleswoman's appeal is hereby granted. We do not address Saleswoman's points on appeal as they are moot. Appeal dismissed.

CLIFFORD H. AHRENS and BOOKER T. SHAW, JJ., concur.