**Gay GORDON, Respondent,**

v.

**Annette HELLER and Jack Heller, Appellants.**

**No. ED 95375.**

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 8, 2011.

---

1. All rule references are to Mo. R.Crim. P.2009, unless otherwise indicated.

J. Richard McEachern, St. Louis, MO, for appellants.

Joseph L. Racine, Chesterfield, MO, for respondent.

## GEORGE W. DRAPER III, SP.J.

Annette and Jack Heller (hereinafter and collectively, "the Hellers") appeal from the trial court's judgment in favor of Gay Gordon (hereinafter, "Gordon") on her breach of contract claim and request for damages. The Hellers raise one point on appeal, arguing there was no competent and substantial evidence to support the judgment because: (1) Gordon did not demonstrate the parties had a legally enforceable contract or that the contract was breached; and (2) the trial court failed to address their counterclaim.[1] We dismiss the appeal because the trial court's judgment lacked finality in that it failed to dispose of the Hellers' counterclaim.

Gordon, a real estate agent and owner of a home staging company, met with the Hellers in October 2007 about listing their home with her agency. At that time, the parties also had a conversation about staging the home with furniture from Gordon's warehouse. The parties had an oral agreement for Gordon to stage the home, but a dispute arose as to the amount the Hellers would pay Gordon for her services. Gordon stated she told the Hellers she would charge them $2,000 for the first five months and $250 per month thereafter until the home sold. Jack Heller (hereinafter, "Husband") testified Gordon told them the cost would be a flat fee of $2,000 until the home sold. Husband testified Annette Heller objected to this price, and Gordon said she would charge only $1,000 if the home did not sell.

Gordon staged the home and put it on the market within five days. Gordon testified she repeatedly requested the Hellers pay her for the staging services over the course of the next year and a half while she served as their real estate agent and her furniture remained in their home, but she never received payment. Gordon never removed the furniture from the Hellers' home during this time. Husband acknowledged the parties did not discuss a time period or limit for the furniture to be placed in their home.

Gordon filed a petition for breach of contract and sought damages in the amount of $5,500. The Hellers filed their answer and asserted a counterclaim, averring Gordon used their home as storage for her furniture after repeatedly telling them she would remove the furniture. The Hellers sought compensation in the amount of $1,800 as damages. After a bench trial, the trial court entered judgment in favor of Gordon and against Hellers in the amount of $5,400. The judgment contained no findings of fact, no conclusions of law, and did not rule on the Hellers' counterclaim. The Hellers appeal.

The Hellers raise two distinct arguments in their sole point on appeal.[2] First, the Hellers argue the trial court's

---

1. Gordon did not file a respondent's brief on appeal. Gordon's failure to do so requires this Court to adjudicate the Hellers' claims of error without the benefit of whatever argument Gordon might have presented. *Smith v. State*, 267 S.W.3d 829, 832 (Mo.App. E.D. 2008).

2. A single point relied on that groups multiple, disparate claims is multifarious, does not comply with Rule 84.04, and generally preserves nothing for appellate review. *Castor v. State*, 245 S.W.3d 909, 914 n. 6 (Mo.App. E.D.2008). "Nevertheless, because this deficiency does not impede disposition on the merits, this Court will not exercise its discretion to dismiss this point." *Stuart v. Ford*, 292 S.W.3d 508, 516 (Mo.App. S.D.2009) (internal citation omitted).

judgment is not supported by competent and substantial evidence because there was no evidence to demonstrate the parties had a legally enforceable agreement, and if so, that any breach occurred. Second, the Hellers argue the trial court erred in failing to address their counterclaim, wherein they sought to recover $1,800 in damages from Gordon because Gordon failed to retrieve her staging furniture from their home. The Hellers aver their residence served as a storage facility for Gordon's furniture, and they should be compensated accordingly.

"[B]efore this Court can consider the merits of an appeal, we first must determine our authority to do so." *Parker v. American Pub. Co.*, 314 S.W.3d 798, 801 (Mo.App. E.D.2010). Section 512.020.5 RSMo (2000) permits an aggrieved party to appeal from a final judgment. *S & P Properties, Inc. v. Bannister*, 292 S.W.3d 404, 407 (Mo.App. E.D.2009). Hence, a final judgment is necessary to invoke appellate review. *Parker, supra.* A final judgment disposes of all parties and all issues in the case and leaves nothing for future determination. *S & P Properties, supra.* Where there is no final judgment, this Court lacks the authority to consider the appeal, and the appeal must be dismissed. *Id.*

"It is firmly established in Missouri law that if a counterclaim is pleaded, a finding must be made disposing of the counterclaim or the judgment is not final and appealable." *Smith v. Premium Homes, Inc.*, 103 S.W.3d 810, 812 (Mo.App. E.D. 2003). "The generally recognized exception to this rule is that if a finding in the main claim necessarily carries with it a determination of the counterclaim, then this constitutes a final judgment even though the counterclaim was not specifically mentioned in the judgment." *Id.*

Here, we do not find the Hellers' counterclaim for damages falls within the exception to the rule. The Hellers' claim for compensation was distinct from Gordon's claim for breach of contract and was not disposed of by the trial court's judgment when it ruled in Gordon's favor. As such, the judgment is not final, and this Court lacks the authority to entertain this appeal. *Smith, supra.*

The appeal is dismissed.

KURT S. ODENWALD, C.J., and ROBERT M. CLAYTON III, J., concur.