Charles Wade JEFFUS, Respondent,

v.

Amy Lynn JEFFUS, Appellant.

No. WD 74302.

Missouri Court of Appeals,
Western District.

Aug. 21, 2012.

Allen Russell, Kansas City, MO, for appellant.

James Rust, Richmond, MO, for respondent.

Before JAMES EDWARD WELSH, C.J., THOMAS H. NEWTON, J., and OWENS L. HULL, Sp. J.

JAMES EDWARD WELSH, Chief Judge.

Amy Lynn Jeffus (Wife) appeals the circuit court's judgment dissolving her marriage to Charles Wade Jeffus (Husband). Wife contends that the circuit court's judgment regarding child support misapplied the law and was unsupported by the evidence. Wife asserts two points on appeal, each containing subparts.[1] In total, Wife raises five separate issues. First, Wife alleges that the court erred by awarding Husband a credit for overnight stays, contending that Wife's income is too low for Husband to receive the credit. Second, Wife contends that the court erred by imposing against Wife a federal tax credit for her child care deductions, contending that she will not have the benefit of such deductions because Husband was awarded the federal dependency exemptions for the children. Third, Wife contends that the court erred by failing to include at least $200 in Wife's extraordinary expenses in its child support calculation. Fourth, Wife alleges that the court erred in awarding Husband the federal tax dependency exemptions for the minor children because the court failed to order Wife to sign a declaration described in 26 U.S.C. 152(e). Finally, Wife contends that the court erred in awarding Husband the federal tax dependency exemptions because the court failed to find the court's Form 14 unjust and inappropriate. We affirm in part and reverse and remand in part.

Husband and Wife were married February 14, 2002, in the State of Louisiana. Two children were born of the marriage. Husband and Wife separated on April 6, 2009, and on December 4, 2009, Husband

---

1. "A single point relied on that groups multiple, disparate claims is multifarious, does not comply with Rule 84.04, and generally preserves nothing for appellate review." *Gordon v. Heller*, 352 S.W.3d 411, 412 n. 2 (Mo.App. 2011). Nevertheless, because this deficiency does not impede disposition on the merits, this Court will not exercise its discretion to dismiss Wife's points. *Id.*

petitioned the court for dissolution of the marriage. At the time Husband filed his petition, Husband resided in Missouri and Wife and the children resided in Louisiana. The court heard evidence on March 9, 2011, and on May 9, 2011, the court entered its Judgment and Decree of Dissolution of Marriage. On May 24, 2011, Wife filed a motion to reconsider the court's child support order and set aside the judgment. In that motion, Wife proposed, among other things, that the Form 14 reflect a 0% credit to Husband for overnight stays, that the Form 14 remove the federal child care tax credit from Wife, and that the Form 14 reflect Wife's extraordinary school and extracurricular expenses. On August 26, 2011, the court denied Wife's motion. Wife appeals.

■ We will affirm the circuit court's judgment of child support unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ In her first point on appeal, Wife contends that the court erred in its child support award, claiming that the court misapplied the law and that the court's Form 14 was unsupported by substantial and competent evidence. Wife asserts three errors in the award. First, she contends that the court should not have granted Husband a Line 11 credit for overnight stays because the credit is only applicable if Wife's income exceeds $1,700. Wife asserts that the Comments to Form 14 provide for a 9% credit on Line 11 to a parent who is obligated to pay child support and who has between 73 and 91 overnight stays with the minor children for whom the child support is being paid. Wife concedes that Husband was awarded the requisite number of overnight stays to initially qualify for the credit, however, contends that a caveat to the Line 11 credit prevents Husband from receiving it. The caveat mandates that, unless the parent receiving support is unemployed or underemployed because expenses are paid, in whole or in part, by a cohabitant, the parent receiving child support must have a gross monthly income exceeding $1,700 for the Line 11 credit to apply.[2] Additionally, the caveat grants the credit if the adjusted gross income of the support obligor, less the presumed child support amount, is equal to or less than $1,700. Because Wife's gross monthly income on the court's Form 14 is less than $1,700, Husband's gross monthly income exceeds $1,700, and Wife was not found to be underemployed, Wife contends that Husband cannot receive a Line 11 credit. We agree.

We find the caveat to the Line 11 credit, under the Directions, Comments for Use and Examples for Completion of Form No. 14 of the Missouri Court Rules, to be clear. The caveat expressly states that an adjustment on line 11 "shall not be allowed" unless the parent entitled to receive support exceeds the adjusted monthly gross income of $1,700 for two children and is not "unemployed or underemployed because the expenses of that parent are paid, in whole or in part, by a person with whom that parent cohabits," or, "[t]he adjusted monthly gross income of the parent obligated to pay support, less the presumed child support amount, is equal to or less than" $1,700 for two children. Here, Wife's gross monthly income on the court's Form 14 was found to be $1,255. Wife

2. Per the caveat, $1,700 is the minimum gross monthly income required for the parent receiving support for two children.

receives support for two children. Wife's gross monthly income of $1,255 is below the $1,700 minimum adjusted gross monthly income required for application of the Line 11 credit. The court made no findings that either Wife was unemployed or underemployed or that Wife's expenses were paid, in whole or part, by a cohabitant.[3] Husband's adjusted monthly gross income of $6,426, less the presumed child support amount of $1,187, equals $5,239. This is above the $1,700 maximum adjusted gross monthly income required in order for the support obligor to still obtain the credit. Therefore, Husband is not entitled to the Line 11 credit for overnight stays.

Husband disagrees and contends that it was "obvious from the evidence" that Wife was underemployed and argues that the court implied such when it granted the overnight stay credit. He argues that had Wife been employed full time at her stated wage of $10.50 per hour, Wife's income would have exceeded $1,700.[4] Therefore, Husband maintains that Wife is underemployed and that the court committed no error in allowing the overnight stay credit. We disagree. Rather than accept Wife's actual gross monthly income of $866.67, the court imputed a $7.25 minimum wage at 40 hours per week to arrive at Wife's monthly income. "Line 1: Gross Income of Form No. 14, DIRECTIONS, COMMENTS FOR USE AND EXAMPLES FOR COMPLETION OF FORM NO. 14, provides, in pertinent part, that income may be imputed '[i]f a parent is unemployed or found to be underemployed.'" *Peniston v. Peniston,* 161 S.W.3d 428, 434 (Mo.App.2005). Therefore, the court necessarily deemed Wife underemployed when it imputed her income. However, Wife's imputed gross monthly income of $1,255 was still far less than the $1,700

gross monthly income required under the Line 11 caveat for Husband to be allowed the Line 11 credit. For Husband to receive the Line 11 credit for overnight stays, Wife's imputed gross monthly income must have either exceeded $1,700 on the court's Form 14, or the court must have expressly found that the overnight stay credit was being awarded because Wife was unemployed or underemployed and because Wife's expenses were being paid, in whole or part, by a cohabitant. Here, the court made no such findings. Additionally, there is no evidence in the record that, at the time of the dissolution hearing, Wife's expenses were being paid, in whole or part, by a cohabitant. The evidence reflects that in July of 2009, shortly after Husband and Wife separated, Wife and the two minor children lived with family and friends because of Wife's lack of means to secure a place of her own. At trial, however, Wife testified that she and the children resided in a rent-to-own property. There was no evidence that anyone but Wife and the children resided at that residence. Therefore, Husband is not entitled to a Line 11 overnight stay credit under the Form 14 guidelines, and for the court to award him such was error. Wife's first contention under point one is granted.

■ In Wife's second contention under her first point on appeal, Wife asserts that the court erred in applying a $102 Federal childcare cost tax credit on Line 6(a)(ii) of the Form 14. She does not dispute the dollar amount of the credit but argues that the trial court "should not have applied the tax credit against the cost Wife is to pay for work related daycare expenses since Wife will not receive the benefit of the Federal Tax Credit against her child care expenses." Although Wife failed to ex-

---

3. Both would be necessary to justify the Line 11 credit in this case.

4. Specifically, Husband contends Wife would have a gross monthly income of $1,818.

pound upon her argument, her contention appears to be that, because Husband was awarded the Federal Tax Exemptions for the minor children, Wife will be unable to deduct work-related dependent care expenses. Therefore, Wife contends that the court offsetting Wife's dependent care expenses with a Federal Tax Credit for those expenses was error. Wife offers no authority to support her claim. Internal Revenue Service Publication 503 states that for children of divorced or separated parents or parents living apart, "[e]ven if you cannot claim your child as a dependent, he or she is treated as your qualifying person," for purposes of claiming child care expenses, if you were, among other things, "the child's custodial parent." Per Publication 503, the custodial parent is the parent with whom the children resided for the greater number of nights during the tax year. Additionally, Publication 503 states that "[t]he noncustodial parent cannot treat the child as a qualifying person even if that parent is entitled to treat the child as a dependent under the special rules for a child of divorced or separated parents." Here, under the parenting plan adopted by the court, Wife was awarded a greater number of nights with the children during the year, as Wife was awarded the school year and Husband was awarded summer vacations. Therefore, for federal tax purposes, Wife would be considered the "custodial" parent and Husband the "noncustodial" parent.

COMMENT B to Line 6a in the Form 14 directions mandates that when work-related childcare costs of the parent entitled to receive support are included in the presumed child support amount, a child care tax credit "shall be taken into account." Here, the court included $300 of Wife's work-related childcare costs in calculating the presumed child support amount. Thus, the court accurately applied the law by including a $102 Federal Tax Credit on Line 6(a)(ii). Per Publication 503, Husband's award of the dependency exemptions does not preclude Wife from deducting work related dependent care expenses. Wife's second contention under point one is denied.

■ In Wife's third contention under her first point on appeal, Wife claims that the court erred in failing to include at least $200 in extraordinary expenses on Line 6(d) [5] of the Form 14. Wife contends that she incurs at least $200 per month in extraordinary child-rearing expenses in the form of school fees, school uniforms, summer camps, dance, and extracurricular activities. Line 6e of Form 14 instructs the court to factor "[o]ther extraordinary child rearing costs" into the child support calculation. *Pickering v. Pickering*, 314 S.W.3d 822, 837 (Mo.App.2010). Comment A to Line 6e indicates that such costs may include "the cost of tutoring sessions, special or private elementary and secondary schooling to meet the particular educational needs of a child, camps, lessons, travel and other activities intended to enhance the athletic, social or cultural development of a child." Wife claims that, because of the disparity of income between Husband and Wife, the historical difficulty in Husband and Wife's ability to communicate, Husband's demonstrated unwillingness to pay similar expenses for a child from a previous relationship, and because Wife's testimony as to incurring the expenses was uncontroverted, the court abused its discretion in failing to acknowledge Wife's extraordinary expenses in its Form 14 calculation. Wife cites *Pickering* with the

---

**5.** While Wife references Line 6d for "extraordinary costs," Line 6d of the Form 14 specifically encompasses "[u]ninsured extraordinary medical costs," while Line 6e encompasses "[o]ther extraordinary child rearing costs."

contention that, because similar expenses were upheld by this court as extraordinary and properly included in the Form 14 in the *Pickering* case, we should find error in the circuit court's failure to include similar expenses here. *Pickering,* 314 S.W.3d at 838. We disagree.

Wife correctly points out that the court has the discretion to include extraordinary child-rearing costs in its final child support calculation. *Id.* at 837. However, inherent in the court's discretion to include such expenses is the court's discretion to exclude the same.[6] We defer to the circuit court's determinations of credibility and view the evidence in the light most favorable to the judgment. *Nevins v. Green,* 317 S.W.3d 691, 695 (Mo.App.2010). After review of the record, we do not find that the court abused its discretion by excluding Wife's extraordinary expenses. While Wife generally testified that the extraordinary expenses consisted of "school fees, school uniforms and the extra fees that we pay for their summer camps, dance and extracurricular activities," Wife testified in detail regarding the expenses related to purchasing school uniforms. Although Wife testified that the uniforms constituted an additional expense because "regular" clothing also needed to be purchased for the children, it is reasonable to assume that the quantity of necessary "regular" clothing would be offset by daily use of school uniforms. Certainly, the "regular" clothing would receive no wear and tear during school hours. While the court has discretion to award extraordinary expenses, such expenses " 'must not include a redundancy in the children's living expenses already, and must otherwise be just

and reasonable.' " *Pickering,* 314 S.W.3d at 837 (quoting *Foraker v. Foraker,* 133 S.W.3d 84, 98 (Mo.App.2004)).

█ Wife additionally requested summer camp expenses. As Wife and the children resided in Louisiana for nearly two years prior to trial, and Husband had minimal contact with the children during that time, it is reasonable to assume that the summer camp expenses were incurred in Louisiana. As Husband, who continues to reside in Missouri, was awarded the bulk of the children's summer vacations for parenting time, it is reasonable to assume that Wife's previous summer camp expenses would abate or be unreasonable or unpredictable enough to warrant inclusion in the child support calculation. We find that the court did not abuse its discretion by failing to include extraordinary expenses in its child support calculation. Wife's third contention under point one is denied.

In Wife's second point on appeal, Wife contends that the court erred in awarding Husband the federal tax dependency exemptions for the minor children because the court failed to order Wife to sign a declaration described in 26 U.S.C. § 152(e) and failed to find the court's Form 14 unjust and inappropriate. We find no error.

█ First, Wife argues that, because the court elected to award the income tax dependency exemptions to the "non-custodial parent," the court was required, pursuant to 26 U.S.C. § 152(e), to order the "custodial" parent to sign a declaration forgoing the exemption. The court's order

---

**6.** Comment A to Line 6e regarding "[o]ther extraordinary child-rearing costs" states that these "expenses *may* be included in Form No. 14 as 'other extraordinary child-rearing cost' *if* the parents agree *or* the court orders that the parents contribute to payment of these expenses. 'Other extraordinary child rearing costs' *may* include, but are not limited to, the cost of tutoring sessions, special or private elementary and secondary schooling to meet the particular educational needs of a child," etc. (Emphasis added).

stated: "[Husband] is awarded the tax deduction for 2009 and 2010 and each subsequent year[.] [Wife] shall provide the form required by the IRS each January by the 15th so [Husband] can deduct the children on his tax return." Wife contends that the court's order is vague and open to interpretation as to which form Wife is to provide each year.

■ Because construction of a court order is a question of law, we independently examine the judgment to determine its meaning. *Day v. State*, 143 S.W.3d 690, 694 (Mo.App.2004). Where an order is found to be ambiguous, we examine the record to determine the intent of the ordering court. *Prins v. Director of Revenue*, 333 S.W.3d 17, 20 (Mo.App.2010). Here, there is no ambiguity in the court's intent. While Wife asserts that the court order is vague as to "which form" Wife is to supply to husband each year, 26 U.S.C. § 152(e) provides no more specificity than the court did in its order, and Wife offers no suggestions as to how the court could have more fully complied with the statute. Section 152(e)(2)(A) of Title 26 of the United States Code, with regard to the declaration Wife references, requires that "the custodial parent sign[ ] a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year." It is clear from the record that the court's order requiring Wife to "provide the form required by the IRS each January by the 15th so [Husband] can deduct the children on his tax return" undoubtedly references the requirements set forth in 26 U.S.C. § 152(e)(2)(A). Wife's first contention under point two is denied.

■ Second, Wife asserts that the court erred in failing to find its Form 14 unjust and inappropriate, indicating that such finding was necessary in order for the court to award the income tax dependency exemptions to Husband, the "non-custodial parent." While this is generally true, on the facts of Wife's case we will not reverse on this point.

Because assumption 7 of Form 14 presumes that the parent entitled to receive support claims the tax exemption, the circuit court must rebut the presumed child support amount and make a written finding that it was unjust or inappropriate if the court awards the tax exemption to the child support obligor. *Nevins v. Green*, 317 S.W.3d 691, 699 (Mo.App.2010). Here, while the court did not make a general finding that the presumed child support amount was unjust or inappropriate, the court did find that it would be "unjust and inappropriate" for Husband to be denied the tax exemptions due to Husband's substantial earnings versus Wife's part-time employment. While Wife claims this language to be insufficient, Wife failed to raise this issue in a motion to amend pursuant to Rule 78.07(c). *See Crow v. Crow*, 300 S.W.3d 561, 565 (Mo.App.2009). "Pursuant to Rule 78.07(c), allegations of error relating to a failure to make required findings in a court-tried case are not preserved for appeal and are thereby waived unless raised in a post-trial motion to amend the judgment." *Id.* The "unjust or inappropriate" language that Wife claims the court failed to sufficiently set forth in its judgment stems from Rule 88.01. Rule 88.01 indicates that a finding by the court that the presumed child support amount is unjust or inappropriate is sufficient to rebut the presumption that the calculated child support is correct. Rule 88.01 was "adopted by the Missouri Supreme Court in compliance with a statutory mandate in section 452.340.8 that there be a rule in effect establishing child support guidelines." *Id.* at 566. Therefore, per Rule

78.07(c), "allegations of error relating to a failure to make findings required by Rule 88.01 in a court-tried case are not preserved for appeal and are thereby waived unless raised in a post-trial motion to amend the court's judgment pursuant to Rule 78.07(c)." *Id.* Previous courts have held that "the words 'unjust or inappropriate' are not sacrosanct and their use is not mandated if the court's meaning is clear." *Talley v. Bulen,* 193 S.W.3d 881, 885 (Mo. App.2006). Therefore, in a case such as this, where the court made a finding of "unjust and inappropriate" to reference the award of the tax exemptions to Husband, and Wife claims that the court erred in awarding the tax exemptions to Husband by failing to properly find the presumed child support amount unjust or inappropriate, it was incumbent upon Wife to alert the court, via a motion to amend, of the perceived deficiency in the requisite findings and/or terminology used by the court. Wife's second contention under point two is denied.

We, therefore, conclude that the court erred in awarding Husband a Line 11 overnight stay credit. Wife's imputed income in the court's Form 14 calculation was too low for Husband to qualify for the credit, and the court made no findings that Wife was unemployed or underemployed and that a cohabitant assisted Wife with expenses. We reverse the child support award and remand to the circuit court for recalculation of the Form 14 presumed child support amount.[7] The judgments are affirmed in all other respects.

We find that the court did not err in including a Federal Tax Credit on Line 6(a)(ii) of the Form 14. Husband's award of the dependency exemptions does not preclude Wife from deducting work related dependent care expenses. Likewise, we conclude that the court did not err in excluding extraordinary expenses in its Form 14 calculation. Inclusion of extraordinary expenses is discretionary, and the court did not abuse its discretion in excluding Wife's requested expenses. Finally, we conclude that the court did not err in awarding the federal dependency tax exemptions to Husband as the court's order sufficiently conveyed that Wife, per 26 U.S.C. § 152(e)(2)(A), is to sign a declaration each year disclaiming the exemptions. As Wife failed to move the court to amend its order to clarify what Wife deemed to be an inadequate finding by the court that the Form 14 was unjust or inappropriate, Wife waived that argument for appeal.

All concur.

---

**7.** As the court's Form 14 is to be recalculated to exclude the Line 11 credit, we recognize that inclusion of the credit could have impacted the court's previous determination regarding the justness and appropriateness of the presumed child support amount. Remand allows the court to recalculate the child support award consistent with this opinion, reconsider the justness and appropriateness of the new presumed child support amount, and render a judgment accordingly. Additionally, even if the presumed child support calculation remains the same in all other respects, and the court deems the resulting presumed child support not unjust or inappropriate, the court should still clarify its previous order by finding the presumed child support amount unjust and inappropriate in order to award Husband the federal dependency tax exemptions.