**In re the Marriage of Charles M. LEVINE, Petitioner–Respondent,**

v.

**Karen T. SCHMIDT, Respondent–Appellant.**

No. SD 32064.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 21, 2013.

**8. Divorce ⏍971**

Trial court is not required to independently investigate economic circumstances of parties before determining, in marriage dissolution proceeding, whether separation agreement is not unconscionable. V.A.M.S. § 452.325.

**9. Divorce ⏍969(5)**

Evidence was sufficient to support trial court's finding in marriage dissolution judgment that separation agreement was not unconscionable, even though virtually no financial evidence was presented to trial court; husband testified that he believed agreement made fair and equitable distribution of parties' assets and debts, wife testified that she understood terms of agreement, specifically referencing payment that served to equalize value of net assets awarded to each party, and, at time of trial, wife did not claim that agreement was unconscionable or attempt to introduce any evidence that would back such a claim. V.A.M.S. § 452.325(1), (2), (4)(1).

**10. Appeal and Error ⏍982(1)**
**Judgment ⏍344**

Decision of whether to set aside a judgment for good cause is within the discretion of trial court, and that ruling will not be interfered with in absence of abuse of discretion. V.A.M.R. 75.01.

**11. Judgment ⏍343**

"Good cause," as required to set aside a judgment, eludes precise definition, but

refers to remedial purpose and is to be applied with discretion to prevent manifest injustice or to avoid threatened one. V.A.M.R. 75.01.

Credibility of witnesses and weight to be given their testimony is a matter for trial court, which is free to believe none, part, or all testimony of any witness.

---

Christopher John Swatosh, Ava, MO, for appellant.

James Michael Riehn, Cassville, MO, for respondent.

DON E. BURRELL, J.

Karen T. Schmidt ("Wife") appeals the judgment that dissolved her marriage to Charles M. Levine ("Husband"). On the

day the case was to be tried, the parties engaged in a six-hour negotiation that resulted in a separation agreement. In presenting their agreement to the trial court for its approval, the parties submitted a "Joint Form DR–1" ("DR–1") that detailed the proposed distribution of their assets and liabilities. Husband and Wife each testified that the DR–1 accurately represented the terms of the settlement agreement. The trial court approved the agreement and incorporated it into its dissolution judgment.

In three points relied on, Wife asserts the trial court "erred in approving [the DR–1] as being not unconscionable" and abused its discretion in denying Wife's post-trial motion to set aside the dissolution judgment pursuant to Rule 75.01.[1] Finding no such error, we affirm.

### Applicable Principles of Review

██  Our review of a dissolution judgment is governed by the standard set forth in Rule 84.13(d). *See Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976) (interpreting the rule previously numbered as 73.01). We must affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* In conducting our review, we view the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the judgment. *Freeland v. Freeland,* 256 S.W.3d 190, 193 (Mo.App.E.D.2008).

### Factual and Procedural Background

Husband and Wife married in Hawaii on July 20, 1999. No children were born of the marriage. In 2006, Husband and Wife moved to Missouri from California. The

---

1. All rule references are to Missouri Court Rules (2013). Unless otherwise indicated, all statutory references are to RSMo 2000.

parties separated in November 2007, and Wife moved back to California. Wife occasionally traveled to Missouri, and although the parties made attempts at reconciliation, Husband filed his petition for dissolution in June 2011.

The separation agreement awarded Husband the marital home, which was located in Shell Knob.[2] Husband would assume a $4,700 note owed on Wife's vehicle, and the judgment would order him to pay Wife $85,000 within 30 days of the entry of the judgment "as equalization of the division of assets and liabilities." Neither party had filed a pleading that requested maintenance, and the separation agreement did not include a provision awarding maintenance to either party.

Both parties were present in person and were represented by counsel during the settlement negotiations and dissolution hearing. Husband testified that the DR–1 accurately set forth the agreement the parties had reached, he believed the agreement was fair and equitable, and he asked the trial court to approve it. Wife also testified that the DR–1 accurately represented their agreement and that she understood its terms. The DR–1 was received into evidence without objection.

At the conclusion of Wife's testimony, the following colloquy occurred:

[Husband's Counsel]: You know what, Your Honor, I don't have any further questions.

The Court: Okay. [Wife's Counsel]?

[Wife's Counsel]: Yes.

The Court: Do you have any questions of your client?

[Wife's Counsel]: I really—I really don't, unless—no, I don't.

[Wife]: You don't? I do.

The Court: Okay.

[Wife]: No, I have some questions.

The Court: Well, you'll have to ask them of your counsel, okay?

[Wife]: Oh, okay. Okay.

[Wife's Counsel]: All right.

[Wife]: Just regarding the fairness of who has been living in my home. Everybody has got rent to pay and so—

[Wife's Counsel]: Oh, Karen.

[Wife]:—I think that at least a period of spousal support is fair.

[Wife's Counsel]: Okay.

The Court: Well, we're not—we're not going to award any spousal support today, okay? So that's going to be the order of the Court. That will be the judgment of this Court at this time. So if you'll just have a seat and we'll go from there.

[Wife]: Today or ever?

The Court: Today or never.

[Wife]: Yeah. I'd like that clear for you. Okay.

The Court: Thank you.

[Wife's Counsel]: And that's your decision, right, Judge?

The Court: That's my decision. Both parties are on disability.

[Wife]: I'm not on disability.

The Court: Oh. So, [Husband] is on disability. We're not going to award any—any maintenance or alimony.

[Wife's Counsel]: That's—that's what I thought.

At the conclusion of the evidence, the trial court accepted the terms of the agreement and directed Husband's attorney to "prepare a judgment to reflect same[.]" Husband's attorney prepared the proposed judgment and sent it to Wife's counsel for

---

**2.** The Shell Knob home was purchased during the marriage with proceeds from the sale of Husband and Wife's marital home in California, but it was titled solely in Wife's name. Husband remained in the home after Wife moved back to California in 2007.

her review. On April 13th, Wife wrote a letter to the trial court that claimed the proposed judgment did "not represent accurately the circumstances and details contained in the agreement that [Wife's counsel] told me." The letter asserted that Wife was under "extreme duress" during the parties' March 15th negotiations and subsequent court hearing, and she had "trust[ed]" her attorney to represent her interests. Wife closed her letter by stating, "I am in the process of seeking new council [sic] and [Wife's counsel] is not authorized to make decisions on my behalf."

The trial court entered its Judgment and Decree of Dissolution of Marriage on April 17, 2012.

Less than thirty days later, on May 2, 2012, Wife's new attorney filed a "Motion to Reopen Evidence, to Vacate, to Set Aside, to Correct, Amend or Modify Judgment, or for New Trial." The motion asserted that Wife's previous attorney had not properly represented Wife's interests, that Wife was in a confused, incompetent state during the March 15th hearing, and that Wife did not understand the separation agreement as it was presented to the trial court.

After holding an evidentiary hearing on the allegations on May 10, 2012, the trial court took the motion under advisement. On June 1st, the trial court entered a written judgment denying Wife's motion. In it, the trial court found that Wife had "presented no evidence of any financial inequities in the settlement agreement." It also noted that Wife "would not waive attorney/client privilege to support allegations in [the] motion." This appeal timely followed.

## Analysis

### Husband's Motion to Dismiss

We must first address Husband's motion to dismiss Wife's appeal on the ground that Wife has acquiesced in the judgment and is thereby precluded from challenging it. Husband points to the fact that Wife picked up over $16,000 worth of personal property from their home after the judgment was entered. Additionally, Husband paid off a $4,700 note on Wife's vehicle and transferred title of that vehicle to Wife.

■ "It is elementary that in a case [where] a party to an action accepts the benefits of a judgment in his favor or acquiesces in a judgment against him he thereby waives his right to have said judgment reviewed on appeal." *Schulte v. Schulte*, 949 S.W.2d 225, 227 (Mo.App.E.D. 1997) (quoting *Steen v. Colombo*, 799 S.W.2d 169, 176 (Mo.App.S.D.1990)).

However, this rule has its exceptions. Whether or not the acceptance of partial payment of a judgment constitutes an exception is to be decided on a case by case basis considering all relevant circumstances. Included in the factors which have been considered in finding such an acceptance to be an exception to the general rule are the following: The amount received was a small portion of the total judgment; the amount accepted has effectively been conceded to be due by a [spouse] who did not appeal; the acceptance of benefits was due to financial distress; the absence of prejudice to the judgment debtor [spouse]; and where the only issue on appeal is whether an award will be increased. It has been observed [that] the general rule pertaining to acquiescence in judgments should not be strictly applied in divorce cases because of the peculiar situations of the parties and the equitable considerations involved.

*Smith v. Smith*, 702 S.W.2d 505, 506–07 (Mo.App.S.D.1985) (citations and quotations omitted); *see also In Re Marriage of*

*McKee*, 940 S.W.2d 946, 947–48 (Mo.App. S.D.1997).

■ Here, Wife collected personal property from the home, but there is no assertion by Husband that Wife would not have been otherwise entitled to the possession of that property. And although Husband did pay off the note encumbering Wife's vehicle, this amount was small in relation to the entire monetary amount awarded to Wife in the judgment. Most importantly, although Husband's affidavit in support of his motion states that "on or about June 11, 2012, [Wife] contacted me and *wanted* to ... get the check for $85,000 made out to her only and ... *wanted* a clear title [for the vehicle]," and that Husband "finalized the loan" that would enable him to comply with those desires, Husband does not affie that he actually paid Wife the $85,000 equalization payment (emphasis added). Husband's motion to dismiss Wife's appeal is denied.

### Point I

■ Wife's first point asserts the trial court erred in approving the separation agreement as not unconscionable because "the terms of the separation agreement were not spread upon the record, the separation agreement did not provide for the maintenance of Wife, and Wife was not in agreement with the separation agreement at the time it was presented to the trial court." Wife's point is multifarious in that it contains multiple, disparate claims and is thereby in violation of Rule 84.04(d). *Jeffus v. Jeffus*, 375 S.W.3d 862, 863 n. 1 (Mo.App.W.D.2012). Nevertheless, Wife's point is not so deficient that it impedes our review, and we will address it *ex gratia*.

*Id.* Missouri's public policy is to encourage the use of separation agreements.

To promote the amicable settlement of disputes between the parties to a marriage attendant upon their separation or the dissolution of their marriage, the parties may enter into a written separation agreement containing provisions for the maintenance of either of them, the disposition of any property owned by either of them, and the custody, support and visitation of their children.

In a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement, except terms providing for the custody, support, and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable.

Section 452.325.1–.2. The statute further provides that if the court finds the separation agreement is not unconscionable, "[u]nless the separation agreement provides to the contrary, its terms *shall* be set forth in the decree of dissolution or legal separation and the parties *shall* be ordered to perform them[.]" Section 452.325.4(1) (emphasis added).

■ At the March 15, 2012 dissolution hearing, Husband and Wife presented the terms of their written separation agreement to the trial court for its approval after six hours of negotiation. Both parties were present in the courtroom and each was represented by counsel. The DR–1, which detailed the proposed division of property and debts, was admitted into evidence *without objection* from Wife.[3]

---

**3.** Our review of the document causes us to disagree with Wife's categorization of the DR–1 as "vague and incomplete[.]" The DR–1 contained a nine-page, itemized list of real estate, vehicles, bank accounts, pension plans, debts owed, household items, and personal property. For each item listed, information was included regarding fair market value, any

Both parties testified that the DR–1 represented the agreement reached between them. Further, Wife specifically testified that she understood the terms of the agreement. Wife's argument that the testimony "was brief and did not go into specifics" misses the mark; the fact that the parties' agreement was in writing distinguishes it from cases in which the terms of the agreement were not memorialized in a writing and were instead orally "spread upon the record[.]" *See e.g., O'Neal v. O'Neal,* 673 S.W.2d 126, 127 (Mo.App.E.D. 1984). Here, the negotiated terms were contained in the DR–1—which was reviewed by the parties and then admitted into evidence by the court.

Similarly, Wife's assertion that she was not in agreement with the terms of the separation agreement at the time it was presented to the court is refuted by her testimony to the trial court that she had reviewed the DR–1 with her counsel, that the DR–1 set forth the terms of the agreement reached with Husband, and that she understood the terms of the agreement.

Wife also argues that the separation agreement was invalid because section 452.325 "requires that a separation agreement contain the provisions for the maintenance of the parties" and their separation agreement contained no such provision. Wife provides no authority for her assertion, and to accept her premise—that every topic mentioned in the statute is mandatory—would lead to the absurd conclusion that every separation agreement must also contain provisions for "the custody, support, and visitation of children," even if, as here, there were no children born of the marriage. *See* section 452.325.2.

Wife's claim regarding maintenance also fails because "[i]t is well-settled that a party who fails to request maintenance in a pleading may not try the issue of maintenance except where the pleading was amended, the issue was tried by consent, or substantial evidence relevant to the issue was introduced." *Higgins v. Higgins,* 918 S.W.2d 383, 384 (Mo.App. E.D.1996). Wife, who did not request an award of maintenance in any of her pleadings, met none of the exceptions to that requirement. And, although she asked the trial court a question that arguably concerned spousal support, she did not present any substantial evidence relevant to the issue of maintenance. As a result, the trial court did not err in finding that Wife had waived maintenance. Point I is denied.

### Point II

In her second point, Wife argues the trial court erred in approving the separation agreement as not unconscionable because "the terms of the separation agreement did not provide for the maintenance of Wife, did not have an indicia of reliability and were not supported by substantial evidence as to the value of the property being divided or to the economic circumstances of the parties." Wife's point is again multifarious, and it contains repetitive claims. *Jeffus,* 375 S.W.3d at 863 n. 1. We again exercise our discretion to review the portions of the point not already addressed in our resolution of Wife's first point.

Wife's argument, as best we understand it, is that there was insufficient evidence to support the trial court's approval of the separation agreement because "virtually no financial evidence was

debts against the item, and Husband and Wife's recommendation on the ultimate dispo-

sition of each item.

presented to the trial court[.]" No such evidence was necessary. Section 452.325 does not require a trial court to independently investigate the economic circumstances of the parties before determining whether a separation agreement is not unconscionable. *Dow v. Dow*, 732 S.W.2d 906, 907 (Mo. banc 1987). "Rather, the statute provides that the terms of the agreement are binding on the court unless it finds that economic evidence produced by the parties on their own motion, or requested by the court, demonstrates unconscionability." *Id.* at 907–08. "*Dow* allows the trial court to rely on the allegations of the pleadings and the assertions of the parties that their settlement agreement is equitable and not unconscionable." *Swank v. Swank*, 865 S.W.2d 841, 845 (Mo. App.W.D.1993).[4]

Here, Husband testified that he believed the separation agreement made a fair and equitable distribution of the parties' assets and debts. Although Wife did not explicitly testify that she believed the agreement was fair and equitable, she testified that she understood the terms of the agreement, and she specifically referenced the "cash payment" that served to "equalize" the value of the net assets awarded to each party. At the time of trial, Wife did not claim that the agreement was unconscionable or attempt to introduce any evidence that would back such a claim. Point II is denied.

4. Wife cites *Swank* in support of her position. However, in *Swank*, the wife maintained throughout the hearing that the separation agreement was unfair and that she was being discriminated against by its terms. 865 S.W.2d at 843. Here, Wife made no such assertion.

5. Wife's original motion prayed for relief under both Rules 74.06 and 75.01. However, at the time Wife filed her motion, the judgment

*Point III*

■■■■ Wife's third point claims the trial court abused its discretion in denying her post-trial motion to set aside the judgment. "The decision whether to set aside a judgment for good cause under Rule 75.01[5] is within the discretion of the trial court, and that ruling will not be interfered with in the absence of an abuse of discretion." *Fuller v. Moore*, 356 S.W.3d 287, 290 (Mo.App.E.D.2011) (citation omitted). "Good cause," as required under Rule 75.01, "eludes a precise definition, but refers to a remedial purpose and is to be applied with discretion to prevent a manifest injustice or to avoid a threatened one." *In re Marriage of Bennett*, 938 S.W.2d 952, 957 (Mo.App.S.D.1997).

■■■■ Aside from incorporating her arguments on points I and II, Wife has wholly failed to explain how she suffered a manifest injustice. The only evidence Wife presented at the evidentiary hearing on her motion was her own testimony. "[C]redibility of witnesses and the weight to be given their testimony is a matter for the trial court, which is free to believe none, part, or all of the testimony of any witness." *Noland–Vance v. Vance*, 321 S.W.3d 398, 402 (Mo.App.S.D.2010) (quoting *In re Marriage of Colley*, 984 S.W.2d 163, 166 (Mo.App.S.D.1998)). Because the trial court was free to disbelieve Wife's testimony, we cannot find that it abused its discretion in refusing to set aside the judg-

was not yet final, and Wife therefore concedes that Rule 74.06(b) is inapplicable. *See Brueggemann v. Elbert*, 948 S.W.2d 212, 214 (Mo. App.E.D.1997). We therefore focus only on the motion insofar as it requested relief under Rule 75.01. The motion also requested alternative relief in the form of a new trial, but we consider that claim abandoned as Wife's brief is devoid of any mention of either Rule 78.01 or any related case law.

ment. Point III is also denied, and the judgment of the trial court is affirmed.

DANIEL E. SCOTT, P.J., and JEFFREY W. BATES, J., concur.