Alan SOSKIN, Plaintiff/Respondent,

v.

Andrew WOLFSON, et al.,
Defendants/Appellants.

No. 75113.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 3, 1999.

Martin M. Green, Joe D. Jacobson, Green, Schaaf & Jacobson, P.C., Clayton, for Appellant.

Gary M. Sarachan, Rothman, Sokol, Adler & Sarachan, P.C., Michael A. Gross, St. Louis, for Respondent.

PAUL J. SIMON, Presiding Judge.

*Andrew Wolfson* (Wolfson), and *Bruce Kupper* (Kupper), owners of Almatterese Investments, L.L.C. (collectively appellants), which owns and operates Feld Southpointe Toyota, appeal the trial court's entry of declaratory judgment in favor of Alan Soskin (Soskin), also an owner of Amatterese Investments, in this action arising out of a dispute among the owners. On appeal, Soskin filed a motion to dismiss the appeal simultaneously with the filing of his brief alleging that this court lacked jurisdiction because appellants failed to timely file their notice of appeal. The motion to dismiss the appeal was ordered to be taken with the case. Upon careful review of the motion, we dismiss appellants' appeal because the notice of appeal was untimely filed.

Soskin filed his petition against appellants individually for declaratory judgment and for preliminary and permanent injunction on February 7, 1996. The trial court entered its findings and its judgment and order (judgment) in Soskin's favor on May 7, 1998. In paragraph eleven of its findings, the word "no" appeared in the following phrase:

> there was no authority and power to unilaterally decide upon the advertising agency to be employed or utilized by the L.L.C.

In paragraph twenty, section H on page seven of the judgment, the word "this" appeared in the following context:

> Alan Soskin shall have a Judgment against Andrew Wolfson and Bruce Kupper ... as and for this costs (including reasonable attorney fees) incurred herein.

On June 5, 1998, Soskin filed a two count motion to "AMEND THE JUDGMENT *NUNC PRO TUNC,* MOTION FOR NEW TRIAL/MOTION TO AMEND OR MODIFY JUDGMENT." In Count I of the motion, Soskin alleged that in regard to his motion to amend *nunc pro tunc* the trial court made two clerical errors in its May 7 judgment and asked that the trial court amend the judgment by "deleting the word ' "no" in Paragraph 11 on Page 3 and substituting the word "his" for the word "this" in Paragraph H on Page 7." In Count II, he alleged the same clerical errors mentioned in Count I and stated that it was "evident" that the trial court awarded judgment in favor of him and against appellants, both jointly and separately, in the sum of $107,-580. Further, he alleged that the evidence "clearly showed" he incurred the aforementioned costs and should be awarded said costs. Soskin prayed that the trial court enter "such additional orders" as are necessary to correct the clerical errors. Except for his allegations as to the aforesaid errors, Soskin does not allege any other trial court error and only prayed for correction of the clerical errors.

On August 24, 1998, the trial court entered its order correcting judgment stating that it construed Soskin's "motions as including a request for correction of errors

in judgment," pursuant to Rule 74.06(a). The trial court corrected the two clerical errors contained in the May 7 judgment and, citing Rule 74.06(a) and its "general power to correct clerical mistakes in judgments," granted Soskin's "Motion to Amend Judgment *Nunc Pro Tunc* and Motion to Amend or Modify Judgment." The trial court's order did not address any other allegations Soskin's motion. Appellants filed their notice of appeal on October 5, 1998.

It is evident that the trial court simply corrected two clerical errors in the May 7 judgment in that its order correcting judgment provided, in pertinent part:

the inclusion of the word 'no' in paragraph 11 on page 3 of the judgment resulted in a clerical error and that the use of the word "this" in lieu of the word "his" in paragraph H on page 7 of the judgment also resulted from a clerical error, in that (a) the Court did not intend to include the word "no" in paragraph 11 on page 3 of the judgment and the inclusion of the word "no" in that paragraph is illogical and plainly inconsistent with the remainder of that paragraph and with paragraph E of this Court's judgment and order, and (b) the Court intended to use the word "his" rather than the word "this" in paragraph H on page 7 of the judgment and the use of the word "this" is illogical and plainly inconsistent with the remainder of the paragraph.

In his motion to dismiss the appeal, Soskin contends that since the trial court's August 24 order corrected the two errors in the original judgment and identified those corrected matters as "clerical," and did not address the motion for new trial, that pursuant to Rule 81.05(a), the judgment of the trial court became final for the purpose of appeal no later than September 3, 1998, the ninetieth day after the filing of his motion for new trial and "other post-trial motions." Therefore, appellants' notice of appeal, filed on October 5, was filed more than ten days after the trial court's

judgment had become final and was inadequate to invoke our jurisdiction, pursuant to Rule 81.04(a). Responding, appellants argue that Soskin's motion for new trial was filed less than 30 days after entry of the trial court's May 7 judgment. Therefore, appellants argue that the trial court retained jurisdiction over the judgment past the "initial 30-day period provided for in Rule 75.01," and that its August 24 "modification of the judgment" started the "30-day clock running again as far as finality was concerned."

Further, appellants contend that the judgment, as amended pursuant to Soskin's motion for new trial, became final on September 24 and appellants had ten days from that date in which to file their notice of appeal. They argue that the tenth day from September 24 was October 3, a Saturday, and that pursuant to Rule 44.01 the period to file their notice of appeal ran "until the next day which is neither a Saturday, Sunday nor a legal holiday." Therefore, their notice of appeal filed on the "next day," Monday, October 5, was timely.

The issue is whether the August 24 order correcting judgment replaced the May 7 judgment. This, in turn, depends upon whether the August 24 order is an order *nunc pro tunc* or an amended judgment entered pursuant to Rule 75.01. If the August 24 order is a *nunc pro tunc* order, then it does not constitute the original rendition of the judgment because it relates back to the May 7 judgment. *Pirtle v. Cook*, 956 S.W.2d 235, 239 (Mo.banc 1997). However, if the August 24 order is a Rule 75.01 amended judgment, then it constitutes a new judgment and, consequently, is the original rendition of the judgment appellants now seek to appeal. Consequently, appellants' notice of appeal, filed on October 5, 1998, was timely only if the August 24 order constitutes an amended judgment pursuant to Rule 75.01.

 To determine whether the August 24 order is a *nunc pro tunc* order or

an amended judgment pursuant to Rule 75.01, it is necessary to understand the nature of each type of order. Rule 75.01 provides, "The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." The purpose of Rule 75.01 is to enable the trial court to rectify any errors in the judgment, and thus simplify or forestall any further litigation at the appellate level. *Pirtle*, 956 S.W.2d at 242. Regarding *nunc pro tunc* orders, the power to enter such an order is derived from a court's jurisdiction over its own records. A court has continuing jurisdiction over its records. *Id.*, at 240. This jurisdiction exists independently from the court's jurisdiction over the cause or the judgment.

■ The correction of the record, including clerical mistakes, can be made at any time regardless of whether the court has jurisdiction over its cause. *Pirtle*, 956 S.W.2d at 240. "That a court has a right, at a term subsequent to one at which a judgment is rendered, to correct by an order *nunc pro tunc*, a clerical error or omission in the original entry, is indisputable." *Id.* (quoting *Allen v. Sales*, 56 Mo. 28, 34–35 (1874)). A clerical error is an error made in the recording of a judgment; therefore, the correction of a clerical error conforms the record to the judgment of the court. *Id.* at 241.

■ The power to issue *nunc pro tunc* orders, however, constitutes no more than the power to make the record conform to the judgment already rendered; it cannot change the judgment itself. *Pirtle*, 956 S.W.2d at 240. Accordingly, because a correction of the record does not affect the court's judgment, the changes relate back to the original judgment and do not constitute a new judgment. *Id.* at 241.

■ The party seeking to show that an order is *nunc pro tunc* must show that the original record entry of the judgment

did not accurately reflect the trial court's actual judgment and that the subsequent order merely caused the record to conform to the true judicial determination of the parties' rights. *Pirtle*, 956 S.W.2d at 241. In other words, the subsequent order must do nothing more than correct a clerical error. To constitute a *nunc pro tunc* order, the order cannot correct anything that resulted from the exercise of judicial discretion because any such change constitutes a change in the trial court's judgment. Further, the clerical error must be discernible from the record. *Id.*

■ Here, the record establishes that the August 24 order is a *nunc pro tunc* order. The August 24 order merely removed the word "no" from the original judgment and replaced the word "this" with "his." The record clearly establishes that the trial court's corrections of the judgment were in accordance with its original judgment. This conclusion is confirmed by the trial court's May 7 judgment which states in paragraph twenty, section E:

> Alan Soskin, as Sole Managing Member, has the authority and power to Unilaterally decide upon the advertising agency to be employed or utilized By the L.L.C.

Further, regarding the trial court's use of the word "this," the trial court's minutes of proceedings states:

> Judgment for plaintiff(s). Plaintiff(s) # 1 Alan Soskin to have and recover Of defendant(s) # 1 Andrew Wolfson # 2 Bruce Kupper # 3 Almatterese Investments LLC actual damages of $107,580.00 total amount of $107,580.00 court costs taxed against defendant(s) . . .

The August 24 order corrected the clerical errors, i.e. the terms "no" and "this" in the judgment, so that it conformed to the trial court's original judgment. The August 24 order did not delete any provisions, add any provisions, or otherwise substantially change the judgment. Consequently the "order correcting judgment" bearing the date of August 24, 1998, is simply an order *nunc pro tunc* correcting

the record of the trial court's May 7, 1998, judgment. *Pirtle,* 956 S.W.2d at 243.

Under these circumstances and considering appellants' contention that Soskin's motion was filed within thirty days of the May 7, 1998 judgment, the trial court's judgment would become final on September 3, 1998, 90 days after the filing of Soskin's motion on June 5, 1998. Rule 81.05(a). Thus, appellants were required to file their notice of appeal not later than ten days after the trial court's judgment became final. Rule 84.04(a). Since appellants did not file their notice of appeal until October 5, 1998, the notice of appeal was not timely and we have no jurisdiction to address the merits of the appeal.

We note that appellant's present attorneys were not appellant's attorneys at the time that the notice of appeal should have been filed pursuant to this opinion.

Appeal dismissed.

KATHIANNE KNAUP CRANE, J. and LAWRENCE E. MOONEY, J., concur.