**ANCHOVY PIZZA, L.L.C., Respondent,**

v.

**Eric HOFFMAN, Appellant.**

**No. ED 76137.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 9, 2000.

David T. Hamilton, Rodney L. Washburn, St. Charles, for appellant.

Joseph J. Porzenski, Eisenstein, Todt, Ryan & Porzenski, LLP, St. Charles, for respondent.

PAUL J. SIMON, Judge.

Eric Hoffman appellant, appeals the judgment of the trial court awarding Anchovy Pizza, LLC, respondent, $5,700.00 and court costs in the amount of $50.10 on respondent's claims for Breach of Contract, Fraud, and Unjust Enrichment.

On appeal, appellant contends that the trial court erred in awarding respondent $5,700.00 because the award miscontrued and misapplied the law in that the proper measure of damages in a case alleging failure to complete construction is the reasonable cost of completion and in the present case the reasonable cost of completion of the construction amounts to $1,379.00. Appeal dismissed.

Reviewing a court tried case, we affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

Respondent rented retail space in a shopping center located in St. Peters, Missouri and was creating a delivery/carryout facility for gourmet pizza. Appellant and respondent entered into a contract for the

demolition and construction of the retail space. Pursuant to the contract, appellant was to complete work within twenty-one days of obtaining the building permit, which was obtained on May 15, 1996, and was to be paid a total of $14,250.00 for the work. At the signing of the contract, respondent paid appellant $7125.00, fifty percent of the total contract price. On July 10, 1996, respondent paid an additional $3,562.50, twenty-five percent of the contract price, upon being notified that seventy-five percent of the work was complete. The remaining $3,562.50, twenty-five percent of the contract price, was to be paid upon completion of the construction.

Subsequently, appellant abandoned the construction site, leaving approximately fifty percent of the construction uncompleted. After appellant abandoned the site, respondent hired TDR Technical Services (TDR) and Spoor Contracting (Spoor), two construction companies, to complete the unfinished work. TDR and Spoor completed the construction in late August 1996 and respondent paid TDR and Spoor a total of $4,942.00. Respondent opened for business on August 25, 1996, however, due to the delay in completing construction, respondent was required to pay rent in the amount of $550.00 per month for July and August 1996, while it was unable to operate its business.

Respondent's First Amended Petition For Damages contained three counts or claims. In Count I, a claim for breach of contract, respondent alleged that appellant abandoned the contract, ceased work and failed within the time provided by the contract to complete the construction. In Count II, a claim for fraud, respondent realleged the allegations in Count I and further alleged that appellant fraudulently informed respondent that seventy-five percent of the construction had been completed in order to receive additional funds from respondent and respondent sought damages in the amount of $20,000.00, including punitive damages. In Count III, a claim for unjust enrichment, respondent realleged every allegation in Counts I and II and further that appellant received $10,687.50 for completed work, although respondent had to employ TDR to furnish the necessary materials, work and labor to complete construction. Respondent sought recovery of damages in the amount of $10,687.50 for unjust enrichment.

In his Answer to Respondent's First Amended Petition For Damages, appellant admitted to being paid $10,687.50, but essentially denied respondent's allegations as to his failure to complete construction. Appellant asserted that respondent or respondent's agent prevented him from completing construction and he prayed for dismissal of each count of respondent's petition. Appellant also set forth a defense as to Count II, alleging that respondent's petition failed to state a claim upon which relief can be granted for fraud.

The matter was tried before the trial court without a jury. Adam Still, the manager of Anchovy Pizza, LLC, testified that respondent paid TDR and Spoor $4,942.00 to complete the construction. He further testified that had appellant finished construction, he would have been entitled to receive another $3,562.50 in addition to the $10,687.50 he had already received. Respondent paid TDR and Spoor $1,379.50 more than what it would have paid appellant under the contract.

Still also testified that appellant was overpaid $3,563.50, representing twenty-five percent of the contract. He testified that appellant had been paid for seventy-five percent of the contract, although he only completed 50 percent of the construction. He further testified that respondent was damaged because it had to pay rent for July and August in the amount of $1,100.00 due to the delay in construction caused by appellant.

Finally, Still testified that based on the operation of the store after it was opened and the operation of another store managed by the respondent, the respondent had a net profit of approximately fifteen percent of monthly gross sales. According

to Still, the average gross sales for September and October 1996 were approximately $28,000.00 per month. Based on these figures, respondent sought to recover lost profits for July and August 1996, in the amount of $4,200.00 per month for a total of $8,400.00.

At the close of all the evidence the trial court took the matter under advisement. On March 4, 1999, the trial court entered the following judgment:

> After having taken this matter under advisement, the court rules as follows: Judgment entered in favor of the [respondent], against [appellant] for $5,700.00, along with court costs of $50.10.

An examination of the judgment clearly shows that it fails to identify the claim or claims to which it applies and the disposition of the remaining claim or claims.

Although neither party raises the issue of our jurisdiction, we do so *sua sponte. Moss v. Home Depot USA, Inc.,* 988 S.W.2d 627, 629–30 (Mo.App. E.D. 1999). We have jurisdiction only over final judgments and a final judgment is one that disposes of all claims and parties or certifies that there is no just reason for delay. Rule 74.01; *Perniciaro v. McDonald,* 974 S.W.2d 620 (Mo.App. E.D.1998).

Here, the trial court entered a general judgment and did not indicate to which claim or claims the judgment applied. Further, the trial court did not indicate to which claim or claims the damages were applicable. As a result, appellant's appeal is premature and must be dismissed. See *Yound v. Raupp,* 301 S.W.2d 873, 874 (Mo.App.1957). A judgment should be entered disposing of all claims.

Appeal dismissed.

GARY M. GAERTNER, P.J. and JAMES R. DOWD, J., concur.