

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| LANE HOUSE CONSTRUCTION, INC., | ) | No. ED102873 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Calea Stovall-Reid |
| LUFEO DOUGLAS SITHOLE, PATRICIA | ) | |
| SITHOLE, AND MARY ANN LIEBMAN, | ) | |
| | ) | |
| Respondents. | ) | FILED: August 23, 2016 |

### Introduction

Appellant Lane House Construction, Inc., ("Lane House") appeals from the judgment of

the trial court entered in favor of Respondents Lufeo Douglas Sithole, Patricia Sithole, and Mary

Ann Liebman (collectively referred to as the "Respondents"). Lane House filed a suit pertaining

to repair work that it completed on the Respondents' residence, and the Respondents filed a

counter-petition. Following a bench trial, the trial court entered judgment in favor of the

Respondents on Lane House's petition and awarded Respondents $5,635.36 on their counter-

petition. Although Lane House raises three points on appeal, the judgment entered by the trial

court did not resolve all claims asserted by the parties. Because the trial court's judgment was

not final, we lack authority to proceed and dismiss the appeal.[1]

---

[1] We also deny Respondents' motion for attorney's fees, which was taken with the case.

## Factual and Procedural History

The Respondents own a St. Louis residence that experienced significant hail and water damage. Lufeo Sithole contracted with Lane House for extensive repair work. Shortly thereafter, work commenced on the residence. During the course of the work, Lane House submitted an invoice to Lufeo Sithole for $12,043.03. The Respondents made two payments to Lane House, totaling $8,048.27 and reducing the amount owed to $3,994.76.

As the work continued, disagreements between the Respondents and Lane House arose regarding the materials used by Lane House and its subcontractors, the quality of work performed by Lane House and its subcontractors, and the representations made by Lane House as to the scope and quality of the work. Additionally, the parties disagreed over the subcontractors' failure to remove old siding on the garage before installing new siding and their failure to insulate the structure. Testimony at trial established that the cost to remove the old siding on the garage and to insulate the structure properly would total $5,635.26.

As these disputes escalated, Lane House stopped work on the residence and the Respondents refused to make further payments. Lane House claimed that the amount due on the completed work was $3,994.76 and filed suit against the Respondents alleging breach of contract. Lane House alternatively pled counts for suit on account, quantum meruit, and unjust enrichment.

At the initial hearing, Lufeo Sithole appeared and filed a counterclaim for breach of contract against Lane House. The trial court entered default judgment on Lane House's breach of contract claim against Patricia Sithole and Mary Lee Liebman, but later granted Respondents' motion to set aside the default judgment.

The Respondents then filed an amended counter-petition, which included one count for breach of contract and one count for fraud. The breach of contract claim averred that Lane

2

House failed to provide work in accordance with industry standards and did not complete all work as mandated by the contract. The count for fraud set forth additional allegations that Lane House represented to the Respondents that it would perform construction work on the residence; that it knew, or should have known, the falsity of such statements; and that the Respondents relied on said representations in rendering payment.

The trial court conducted a bench trial on Lane House's petition and the Respondents' amended counter-petition. After the bench trial, the trial court entered judgment against Lane House on Lane House's petition. The trial court also entered judgment for the Respondents on their countersuit. The document, entitled "Judgment and Order," stated, in part:

> As to defendant's counterclaim this Court having considered the evidence and applicable law finds in favor of defendants Lufeo Douglas Sithole, and Patricia Sithole, and Mary Ann Liebman, and hereby **enters judgment in favor of defendants, and against plaintiff Lane House Construction, Inc[.] in the amount of $5635.36** (emphasis in original).

Subsequently, Lane House filed a motion to amend the judgment or alternatively, for a new trial, which the trial court denied. This appeal follows.

## Points on Appeal

Lane House raises three issues on appeal. First, Lane House argues that the judgment entered by the trial court against it on the Respondents' counterclaim was not a final judgment, as the judgment did not dispose of both counts of the Respondents' amended counter-petition. Second, Lane House contends that the trial court abused its discretion by granting the Respondents' motion to set aside the default judgment entered in their favor because the Respondents failed to prove good cause as required under Rule 74.05(d).[2] Third, Lane House asserts that the judgment awarding $5,635.36 to the Respondents was against the weight of the

---

[2] All rule references are to Mo. R. Civ. P. (2014).

3

evidence because the trial court should have offset any award to the Respondents by the remaining $3,994.76 still due under the submitted invoice.

## Discussion

Lane House first asserts that this Court lacks the authority to hear the appeal relating to the Respondents' counterclaim because the trial court did not enter a final, appealable judgment to the counts raised in the counterclaim. Lane House asks this Court to remand the case to the trial court for entry of a final judgment. Because the trial court did not enter a final, appealable judgment, we lack authority to proceed with any point on appeal, and dismiss the appeal in its entirety.

An appellate court must first determine its authority to review the appeal before it can examine the merits of the case. Bellinger v. Lindsey, 480 S.W.3d 345, 347 (Mo. App. E.D. 2015); Gordon v. Heller, 352 S.W.3d 411, 413 (Mo. App. E.D. 2011). Where an appellate court lacks the necessary authority to consider the merits of an appeal, it should dismiss the case. See Gordon, 352 S.W.3d at 413.

In Missouri, the right of appeal is purely statutory. Polk v. Essen, 249 S.W.3d 914, 918 (Mo. App. E.D. 2008). Absent the requisite statutory authority, no right to appeal exists. Buemi v. Kerckhoff, 359 S.W.3d 16, 20 (Mo. banc 2011). Section 512.020[3] controls the right of appeal in civil cases. Maskill v. Cummins, 397 S.W.3d 27, 31 (Mo. App. W.D. 2013). Applicable to the present appeal, Section 512.020(5) permits an aggrieved party to appeal from a "final judgment" in his or her case. Id. at 32. Accordingly, a final judgment is a "prerequisite to appellate review."[4] Buemi, 359 S.W.3d at 20.

---

[3] All statutory references are to RSMo. Cum. Supp. (2004).
[4] The exceptions to the requirement of a "final judgment" do not apply here. See Section 512.020(1)-(4).

4

In order to constitute a final judgment, a judgment must dispose of all parties, resolve all issues, and leave nothing for future determination. S & P Props. v. Bannister, 292 S.W.3d 404, 407 (Mo. App. E.D. 2009). Generally, if a party files a counterclaim, the judgment must contain a finding that fully disposes the counterclaim; otherwise, the judgment is not final and appealable. Gordon, 352 S.W.3d at 413. Moreover, if the counterclaim alleges different causes of action contained in separate counts, then the judgment resolving the counterclaim is not final if it does not effectively dispose of all counts contained therein. Cf. Fallin v. McClain, 639 S.W.2d 391, 391 (Mo. App. S.D. 1982) (stating that a judgment is not final for appellate purposes unless it disposes of all counts contained in the petition).

In order to resolve a multi-count petition or counter-petition, a judgment awarding damages should address or indicate to which count or counts the judgment applied. See Anchovy Pizza, L.L.C., v. Hoffman, 16 S.W.3d 754, 756 (Mo. App. E.D. 2000). Consequently, a judgment that only "awards a single monetary amount on a two-count petition, without further explanation or detail, does not clearly dispose of all claims on its face and is not final." Okello v. Beebe, 930 S.W.2d 40, 42 (Mo. App. W.D. 1996). See also Johnson-Mulhern Props. v. TCI Cablevision, 980 S.W.2d 171, 173 (Mo. App. E.D. 1998) (judgment awarding a single monetary amount as damages on a three-count petition is not final). However, there is a slight caveat to this rule; a judgment on only one count of a multi-count claim is deemed final if the award *necessarily* precludes recovery on all other pending counts. See, e.g., McDonough v. Liberty Mut. Ins. Co., 921 S.W.2d 90, 95 (Mo. App. E.D. 1996) (judgment in favor of plaintiff on one count necessarily precludes recovery on other counts when plaintiff asserts the counts as mutually exclusive alternative theories of recovery).

5

In the present case, the Respondents' amended counter-petition includes two separate counts: Count I for breach of contract and Count II for fraud. The judgment entered by the trial court on the amended counter-petition stated, in part:

> As to defendant's counterclaim this Court having considered the evidence and applicable law finds in favor of defendants Lufeo Douglas Sithole, and Patricia Sithole, and Mary Ann Liebman, and hereby **enters judgment in favor of defendants, and against plaintiff Lane House Construction, Inc[.] in the amount of $5635.36** (emphasis in original).

While the judgment of the trial court differentiates between the claim filed by Lane House and the counter-claim filed by the Respondents, the judgment does not sufficiently indicate its disposition of the two separate counts alleged in the Respondents' amended counter-petition. Although the judgment specifically stated that it applied to the Respondents' counterclaim, it did not specify the particular count or counts of the Respondents' amended counter-petition to which the judgment applied. Indeed, the judgment does not indicate whether the monetary award was on Count I, Count II, both Count I and II, or how the damages were allocated between the two separate counts. Because the judgment fails to indicate which counts it resolves or to which counts the damages awarded apply, it is not final for the purposes of appeal. Okello, 930 S.W.2d at 42. See also Anchovy Pizza, L.L.C., 16 S.W.3d at 756.

Further, the two counts of the amended counter-petition allege different claims for separate injuries. The resolution in favor of the Respondents on one count does not necessarily resolve both counts. See McDonough, 921 S.W.2d at 95. Count I seeks damages for Lane House's alleged failure to use proper materials, to apply industry standards in its work, and to finish the work specified in the contract. Count II asks for damages based on Lane House's alleged representations to the Respondents regarding the nature and extent of Lane House's work, upon which the Respondents detrimentally relied when entering into the contract with

6

Lane House and making payments. Because the two counts allege different facts and seek recovery on separate legal theories that are not mutually exclusive, the generally worded judgment entered in favor of the Respondents by the trial court does not inevitably resolve both of the asserted counts. As a result, the judgment entered in favor of the Respondents on their amended counter-petition, without further detail or explanation, does not constitute a final judgment for appellate purposes.

Because we find that the trial court did not resolve both counts contained in the Respondents' amended counter-petition, the trial court's judgment was not final. Without a final judgment, we lack the authority to consider the merits of the appeal.

### Conclusion

The appeal is dismissed.

_____
KURT S. ODENWALD, Judge

James M. Dowd, P.J., concurs.
Gary M. Gaertner, Jr., J., concurs.