

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| MAGELLANIC SEVEN, LLC, | ) | No. ED112660 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | 2111-CC00108 |
| | ) | |
| WENTZVILLE CHURCH OF GOD, | ) | Honorable Brittney R. Smith |
| | ) | |
| Appellant. | ) | Filed:  November 19, 2024 |

Wentzville Church of God ("Defendant") appeals the trial court's May 2024 *nunc pro tunc* order[1] correcting a typographical error in the legal description of a parcel of real property set out in an October 2022 judgment awarding Magellanic Seven, LLC ("Plaintiff") fee simple title to the property.  After Defendant filed the instant appeal, the issue of whether the *nunc pro tunc* order is appealable was ordered taken with the case by this Court.

For the reasons discussed below, we hold: (1) although the trial court's *nunc pro tunc* order in this case is not an appealable "[f]inal judgment in the case" under section 512.020(5) RSMo 2016,[2] the order is an appealable "special order after final judgment in the cause" under the statute, *see id*.; and (2) the trial court did not err in entering the *nunc pro tunc* order. Accordingly, we affirm the trial court's *nunc pro tunc* order.

---

[1] We note the *nunc pro tunc* order in this case was denominated a "judgment."
[2] Unless otherwise indicated, all statutory references to section 512.020 are to RSMo 2016 (effective from August 28, 2004, to the present).

# I.     BACKGROUND

The underlying case began in February 2021, when Plaintiff filed a petition to quiet title against Defendant with respect to a parcel of real property commonly known as 9970 Highway N, Lake St. Louis, MO, 63367 ("the Property").  Plaintiff's petition alleged: (1) Defendant was the fee simple title owner of the Property pursuant to a general warranty deed recorded in April 1976; (2) Plaintiff obtained ownership of the Property after a lawful tax sale in August 2019; (3) Plaintiff received a Certificate of Purchase for the Property, which was recorded in September 2019; (4) Plaintiff received a Collector's Deed for Taxes for the Property ("Collector's Deed"), which was recorded in October 2020; and (5) Plaintiff complied with all statutory requirements to obtain legal title to the Property.  The petition requested the court to quiet title to the Property, terminate all rights held by Defendant, and award fee simple title to Plaintiff.  In addition, Plaintiff's Collector's Deed was attached as an exhibit to Plaintiff's petition to quiet title.

Notably, the alleged legal description of the Property in Plaintiff's petition omitted one number (a number "1") from the legal description of the Property set forth in Plaintiff's Collector's Deed; in other words, the petition contained a typographical error.  Specifically, Plaintiff's petition alleged the legal description of the Property was, in relevant part: "North 80 degrees 16 minutes West along the Northern line of [a tract conveyed to Clifford Brownlee and wife by deed recorded in Book 388, page 473 ("Brownlee property")], a distance of *83.71* feet to an iron pipe at the Northwest corner of [the] Brownlee property[.]" (emphasis added).  However, Plaintiff's Collector's Deed provided the legal description of the Property was, in relevant part: "North 80 [degrees] 16 [minutes] West along the Northern line of the [Brownlee property], a

distance of *183.71* feet to an iron pipe at the Northwest corner of [the] Brownlee property[.]"[3] (emphasis added).

Defendant did not file an answer or assert any affirmative defenses in response to Plaintiff's petition to quiet title. In September 2022, a bench trial on the petition took place before the Honorable Rebeca Navarro-McKelvey ("Judge Navarro-McKelvey") of the Circuit Court of St. Charles County.

At the bench trial, Plaintiff presented evidence in support of its petition to quiet title, including the following. Defendant was the fee simple title owner of the Property pursuant to a general warranty deed recorded in April 1976. Plaintiff purchased the Property at an August 2019 tax sale after taxes levied on the Property for 2017 and 2018 were unpaid by Defendant.[4] Subsequently, the St. Charles County Collector issued Plaintiff a Certificate of Purchase, which was recorded in September 2019 and admitted into evidence at trial without objection. Additionally, Defendant was served with a written notice of redemption. Defendant failed to redeem the Property, and Plaintiff obtained a Collector's Deed to the Property from the St. Charles Collector of Revenue, which was recorded in October 2020 and admitted into evidence at trial without objection.

After hearing the evidence, Judge Navarro-McKelvey entered a judgment in favor of Plaintiff, awarding it fee simple title to the Property on October 4, 2022 ("the Original

---

[3] For simplicity and ease of reading, all further references to the legal description alleged in the petition and as set forth in the Collector's Deed will refer to, respectively, "83.71 feet to an iron pipe at the Northwest corner of [the] Brownlee property" and "183.71 feet to an iron pipe at the Northwest corner of [the] Brownlee property[.]"

[4] The issue of why Defendant, a church, was subject to property taxes in 2017 and 2018 is not before this Court and is not addressed in the record before us. *See Manzara v. State*, 343 S.W.3d 656, 664 (Mo. banc 2011) ("religious institutions typically are exempt from taxes"); section 137.100(5) RSMo 2016 (providing a tax exemption for, *inter alia*, "[a]ll property, real and personal, actually and regularly used exclusively for religious worship . . . except that the [tax] exemption . . . does not include real property not actually used or occupied for the purpose of the organization but held or used as investment even though the income or rentals received therefrom is used wholly for religious . . . purposes"); *see also* Mo. Const. Art. 10, Sec. 6.1 (providing in relevant part that "all property, real and personal, not held for private or corporate profit and used exclusively for religious worship . . . may be exempted from taxation by general law").

Judgment" or "Judgment"). Defendant then appealed the Original Judgment, and it was affirmed by this Court. *Magellanic Seven, LLC v. Wentzville Church of God*, 671 S.W.3d 390 (Mo. App. E.D. 2023) ("*Magellanic I*").

Subsequently, in April 2024, Plaintiff filed a *nunc pro tunc* motion pursuant to Rule 74.06(a).[5] The motion alleged Plaintiff's petition to quiet title and the Original Judgment contained a small typographical error because: (1) both documents stated the legal description of the Property was, in relevant part, "*83.71* feet to an iron pipe at the Northwest corner of [the] Brownlee property[;]" and (2) the Collector's Deed, which was attached as an exhibit to Plaintiff's petition and was admitted into evidence at the bench trial, had the correct legal description, in relevant part, of "*183.71* feet to an iron pipe at the Northwest corner of [the] Brownlee property[.]" (emphasis added). Defendant filed suggestions in opposition which admitted the petition contained the typographical error and that the Collector's Deed set forth the correct legal description. Nevertheless, Defendant argued there was no clerical error in the Original Judgment and Plaintiff's *nunc pro tunc* motion should be denied on this basis.

The Honorable Brittney R. Smith of the Circuit Court of St. Charles County ("the trial court") subsequently granted Plaintiff's motion and entered a *nunc pro tunc* order in May 2024, correcting the typographical error in the legal description of the Property set out in the Original Judgment by listing the correct legal description as provided in the Collector's Deed.

Defendant appealed the trial court's *nunc pro tunc* order, and the issue of whether the order is appealable was ordered taken with the case by this Court. Subsequently, this Court took the case under submission.

---

[5] All references to Rule 74.06(a) are to the version of Missouri Supreme Court Rule 74.06(a) effective from January 1, 1988, to the present.

## II.     DISCUSSION

In this case, Defendant appeals the trial court's *nunc pro tunc* order purporting to correct a clerical error in the Original Judgment pursuant to Rule 74.06(a). *See id.* (providing in relevant part that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders").

**A.     Whether This Court Has Authority to Review Defendant's Appeal of the Trial Court's *Nunc Pro Tunc* Order**

Before our Court can address the merits of this case, we must determine whether we have the authority to review Defendant's appeal. *See Lane House Construction, Inc. v. Sithole*, 504 S.W.3d 102, 105 (Mo. App. E.D. 2016). "In Missouri, the right [to] appeal is purely statutory." *Id*. Accordingly, absent statutory authority, no right to appeal exists, and an appellate court has no authority to consider the merits of an appeal. *Wilson v. City of St. Louis*, 600 S.W.3d 763, 769 n.7 (Mo. banc 2020); *Sithole*, 504 S.W.3d at 105 (citing *Buemi v. Kerckhoff*, 359 S.W.3d 16, 20 (Mo. banc 2011)). Furthermore, if our Court does not have authority to consider the merits of an appeal, we should dismiss the case. *Sithole*, 504 S.W.3d at 105.

Section 512.020 governs the right to appeal in civil cases and provides in relevant part that an aggrieved party may appeal from "any . . . [f]inal judgment in the case *or* from any special order after final judgment in the cause[.]"[6] Section 512.020(5) (emphasis added). For

---

[6] Section 512.020 also provides an aggrieved party in a civil case may appeal from any:
    (1) Order granting a new trial;
    (2) Order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction;
    (3) Order granting or denying class action certification provided that:
      (a) The court of appeals, in its discretion, permits such an appeal; and
      (b) An appeal of such an order shall not stay proceedings in the court unless the judge or the court of appeals so orders; [or]
    (4) Interlocutory judgments in actions of partition which determine the rights of the parties[.]
Section 512.020(1)-(4). It is undisputed the trial court's *nunc pro tunc* order in this case does not constitute any of the aforementioned rulings.

the reasons discussed below in Sections II.A.1.-2. and B. of this opinion, we hold the trial court's *nunc pro tunc* order in this case corrected a clerical error in a previously-entered final judgment and the correction is supported by the record in the underlying case. Whether a trial court's *nunc pro tunc* order is an appealable "[f]inal judgment in the case" or "special order after final judgment in the cause" under these circumstances are issues of first impression for Missouri Courts. *See* section 512.020(5).[7]

**1.     Whether the Trial Court's *Nunc Pro Tunc* Order is an Appealable Final Judgment in the Case Under Section 512.020(5)**

In determining whether the trial court's *nunc pro tunc* order in this case is an appealable "[f]inal judgment in the case" under section 512.020(5), *see id.*, we find the Missouri Supreme Court's decision in *McGuire v. Kenoma, LLC*, 447 S.W.3d 659 (Mo. banc 2014) to be instructive. *McGuire* holds in relevant part: "[U]nlike an amended judgment under Rule 75.01,[8] a correction by a *nunc pro tunc* [order under Rule 74.06(a)] does not create a new judgment"; "[i]nstead, the correct[ion] [] relates back to the time the original judgment was issued." 447 S.W.3d at 663-64 (emphasis added); *see also* Rule 74.06(a) (providing a court with the authority to correct, *inter alia*, a clerical error in a judgment). Accordingly, if a *nunc pro tunc* order corrects a clerical error after an original judgment in the case was entered and became final, the *nunc pro tunc* order is not an appealable "[f]inal judgment in the case" under section 512.020(5). *See id.*; *McGuire*, 447 S.W.3d at 663-64; *see also* Rule 74.06(a).

---

[7] *Cf. Derrick, Inc. v. Quigless*, 408 S.W.3d 323, 325-26, 326 n.3 (Mo. App. E.D. 2013) (finding a *nunc pro tunc* order was a "final judgment in a case" where, *unlike the circumstances of this case*, there was no previously-entered final judgment) (internal quotations omitted); *McDaniel v. Lovelace*, 392 S.W.2d 422, 423-28 (Mo. App. 1965) (finding a *nunc pro tunc* order was a "final judgment in a case" and was not a "special order after final judgment in the cause" under section 512.020 RSMo 1959 where, *unlike the circumstances of this case*, the order did not correct a clerical error and the correction was not supported by the record) (internal quotations omitted).

[8] This reference to Rule 75.01 is to the version of Missouri Supreme Court Rule 75.01 effective from January 1, 1981, to the present.

A clerical error is an error which does not effect a substantive change to a party's rights. *McGuire*, 447 S.W.3d at 663. Additionally, a clerical error is often referred to as a typographical error. *See, e.g., L.R.S. v. C.A.S.*, 525 S.W.3d 172, 181, 181 n.4 (Mo. App. E.D. 2017); *Farmers Exchange Bank v. Metro Contracting Services, Inc.*, 107 S.W.3d 381, 392 n.5, 393 n.6 (Mo. App. W.D. 2003); *In re Marriage of Myers*, 845 S.W.2d 621, 624 (Mo. App. S.D. 1992).

In this case, on October 4, 2022, Judge Navarro-McKelvey entered the Original Judgment which decided the merits of Plaintiff's petition to quiet title and awarded Plaintiff fee simple title to the Property ("Original Judgment" or "Judgment"). Because the Original Judgment disposed of all issues and remedies between the parties and because no post-trial motions were filed, the Judgment became final at the expiration of thirty days after its entry. *See Butala v. Curators of University of Missouri*, 620 S.W.3d 89, 94 (Mo. banc 2021); Rule 81.05(a)(1).[9] Defendant appealed the Original Judgment, and it was affirmed by this Court in *Magellanic I*, 671 S.W.3d 390.

The trial court subsequently entered its *nunc pro tunc* order appealed from in the instant case. The order did not effect a substantive change to either party's rights and instead only corrected a typographical error in the legal description of the Property set out in the Original Judgment awarding Plaintiff fee simple title to the Property by listing the correct legal description as provided in the Collector's Deed. Accordingly, the *nunc pro tunc* order corrected a clerical error in the Original Judgment,[10] and it did not create a new judgment; instead, the correction related back to the time the Original Judgment was entered. *See McGuire*, 447 S.W.3d at 663-64; *see also* Rule 74.06(a); *L.R.S.*, 525 S.W.3d at 181, 181 n.4; *Farmers*

---

[9] This reference to Rule 81.05(a)(1) is to the version of Missouri Supreme Court Rule 81.05(a)(1) effective from January 1, 2000, to the present.
[10] *See* Section II.B. of this opinion set out below, where we discuss and reject Defendant's argument that the typographical error in this case was not a clerical error because it first occurred in Plaintiff's petition.

*Exchange*, 107 S.W.3d at 392 n.5, 393 n.6; *Myers*, 845 S.W.2d at 624. Moreover, because the trial court's *nunc pro tunc* order corrected a clerical error after the Original Judgment in the case was entered and became final, the order is not an appealable "[f]inal judgment in the case" under section 512.020(5). *See id.*; *McGuire*, 447 S.W.3d at 663-64; *see also* Rule 74.06(a).

> **2. Whether the Trial Court's *Nunc Pro Tunc* Order is an Appealable Special Order After Final Judgment in the Cause Under Section 512.020(5)**

We now turn to whether the trial court's *nunc pro tunc* order in this case is appealable as a "special order after final judgment in the cause" under section 512.020(5). *See id.* In determining this issue, we are guided by the Missouri Supreme Court, which has found "appeals are favored in the laws and statutes granting appeals are liberally construed." *St. Louis Bank v. Kohn*, 517 S.W.3d 666, 672 (Mo. App. E.D. 2017) (discussing section 512.020(5) and quoting *O'Malley v. Continental Life Ins. Co.*, 75 S.W.2d 837, 839 (Mo. banc 1934)). Consistent with this principle and the cases discussed below, we hold a trial court's *nunc pro tunc* order correcting a clerical error in a civil case is an appealable "special order after final judgment in the cause" under section 512.020(5) if three specific criteria are met. *See id.*; 24 MOPRAC section 4.7.6[11] (finding a *nunc pro tunc* order correcting a clerical error in a civil case is an appealable "special order after final judgment in the cause" under some circumstances); *State v. McCauley*, 496 S.W.3d 593, 595-96 (Mo. App. S.D. 2016) (indicating the same).

First, pursuant to the plain language of section 512.020(5), a *nunc pro tunc* order correcting a clerical error may only constitute an appealable "special order after final judgment in the cause" if the order is entered *after* a final judgment in the cause. *See id.*; 24 MOPRAC section 4.7.6 (similarly finding); *see also GUI, Inc. v. Adams*, 978 S.W.2d 515, 517, 517 n.2 (Mo. App. W.D. 1998) (same) (discussing section 512.020 RSMo 1994).

---

[11] All references to 24 MOPRAC section 4.7 are to the October 2024 update.

Second, Missouri Courts have consistently held the phrase "special order after final judgment in the cause" in the current and former version of section 512.020 refers to an "order[] in [a] special proceeding[] attacking or aiding the enforcement of the [previously-entered final judgment]." *See, e.g., All Star Awards & AD Specialties, Inc. v. HALO Branded Solutions*, 675 S.W.3d 548, 553 n.2, 557-58, 561 (Mo. App. W.D. 2023); *Kohn*, 517 S.W.3d at 672; *see also* section 512.020(5). Therefore, we find a *nunc pro tunc* order correcting a clerical error may only constitute an appealable "special order after final judgment in the cause" under section 512.020(5) if it attacks or aids in the enforcement of a previously-entered final judgment.[12] *See id.; HALO Branded Solutions*, 675 S.W.3d at 553 n.2, 557-58, 561; *Kohn*, 517 S.W.3d at 672.

Third and finally, a trial court's *nunc pro tunc* order correcting a clerical error does not affect the substance of a court's previously-entered final judgment, may not be used by a party on appeal to challenge the merits of such a judgment, and may not be used by a party on appeal to extend the time for appealing a determination of the merits of such a judgment. *See Matter of Smith*, 840 S.W.2d 268, 269-71 (Mo. App. E.D. 1992) (similarly holding); *see also DiSalvo Properties, LLC v. Purvis*, 498 S.W.3d 530, 534 (Mo. App. E.D. 2016) ("a correction by a *nunc pro tunc* [order] . . . relates back to the time the original judgment was issued, with nothing changed regarding the time limit for appeals of the original judgment") (citing, *inter alia*, *McGuire*, 447 S.W.3d at 663-64). Accordingly, we find a *nunc pro tunc* order correcting a clerical error may only constitute a "special order after final judgment in the cause" under

---

[12] Examples of an appealable "special order after final judgment in the cause" under section 512.020(5), *see id.*, include: "an order overruling a motion to quash an execution[;] . . . an order reviving a judgment and lien after the judgment creditor obtained a writ of scire facias pursuant to prior Rule 74.36[;] . . . an order sustaining a motion to quash [a] garnishment[; and] . . . [an] appointment of a receiver after a post-judgment charging order was issued to collect on a default judgment[.]" *Kohn*, 517 S.W.3d at 672 (internal citations omitted). Post-judgment orders which are not considered an appealable "special order after final judgment in the cause" include: "a trial court's refusal, after a plaintiff had voluntarily non-suited its claim, to tax deposition costs[;] . . . [a] trial court's order denying a trial court's endorsement of its approval on a supersedeas bond[; and] . . . an order overruling a motion to quash a permanent writ of prohibition." 24 MOPRAC section 4.7 (internal footnotes referencing citations omitted); *see also* section 512.020(5).

section 512.020(5) if the appeal challenges whether the *nunc pro tunc* order is proper as opposed to challenging the merits of the previously-entered final judgment. *See id.*; 24 MOPRAC section 4.7.6 and 17 MOPRAC section 81.01:11.5[13] (both similarly finding); *Smith*, 840 S.W.2d at 269-71; *see also Purvis*, 498 S.W.3d at 534 (citing, *inter alia*, *McGuire*, 447 S.W.3d at 663-64).

In sum, and pursuant to the aforementioned authorities, we hold a trial court's *nunc pro tunc* order correcting a clerical error in a civil case is an appealable "special order after final judgment in the cause" pursuant to section 512.020(5) if: (1) the order was entered after a final judgment in the cause; (2) the order attacks or aids in the enforcement of a previously-entered final judgment; and (3) the appeal challenges whether the *nunc pro tunc* order is proper as opposed to challenging the merits of the previously-entered final judgment.

In this case, all three criteria are met. First, as previously discussed in Section II.A.1. of this opinion, the trial court's *nunc pro tunc* order correcting a clerical error in the Original Judgment was entered after the Judgment became final. Second, by correcting the typographical error in the legal description of the Property set out in the Original Judgment by listing the correct legal description as provided in the Collector's Deed, the *nunc pro tunc* order aids Plaintiff in the enforcement of the previously-entered final Original Judgment which granted Plaintiff fee simple title to the Property. Third and finally, Defendant's appeal of the *nunc pro tunc* order only challenges whether the order is proper as opposed to challenging the merits of the Original Judgment. Therefore, the trial court's *nunc pro tunc* order in this case is an appealable "special order after final judgment in the cause" under section 512.020(5). *See id.*

---

[13] This reference to 17 MOPRAC section 81.01:11.5 is to the December 2023 update.

**B.    Whether the Trial Court's *Nunc Pro Tunc* Order in this Case was Erroneous**

We now turn to the merits of Defendant's sole point on appeal in which Defendant argues the trial court's *nunc pro tunc* order in this case was erroneous because the order allegedly did not correct a clerical error.  We disagree.

As previously stated, a clerical error does not effect a substantive change to a party's rights, and a clerical error is often referred to as a typographical error.  *McGuire*, 447 S.W.3d at 663; *see, e.g., L.R.S.*, 525 S.W.3d at 181, 181 n.4; *Farmers Exchange*, 107 S.W.3d at 392 n.5, 393 n.6; *Myers*, 845 S.W.2d at 624.  Importantly, "[t]he narrowly proscribed purpose of *nunc pro tunc* is to allow the trial court to [correct a previously-entered] judgment so that the judgment will conform to what is actually evidenced in the record."  *McGuire*, 447 S.W.3d at 663 (emphasis added).  Accordingly, a *nunc pro tunc* order is proper where it corrects a clerical error in a previously-entered judgment and the correction is supported by the record in the underlying case.  *Id.*; *Soskin v. Wolfson*, 999 S.W.2d 261, 264-65 (Mo. App. E.D. 1999).

In this case, Plaintiff's petition to quiet title and the Original Judgment contained a small typographical error because: (1) both documents stated a portion of the legal description of the Property was "*83.71* feet to an iron pipe at the Northwest corner of [the] Brownlee property[;]" and (2) the Collector's Deed, which was attached as an exhibit to Plaintiff's petition and was admitted into evidence at the bench trial, had the correct legal description of "*183.71* feet to an iron pipe at the Northwest corner of [the] Brownlee property[.]" (emphasis added).  The trial court's *nunc pro tunc* order, which corrected the typographical error in the legal description of the Property set out in the Original Judgment by listing the correct legal description as provided in the Collector's Deed, was proper because: (1) the order did not effect a substantive change to either party's rights; (2) the order corrected a clerical error in the previously-entered Judgment; and (3) the correction was supported by the record in the underlying case.  *See id.*; *see also*

11

*L.R.S.*, 525 S.W.3d at 181, 181 n.4; *Farmers Exchange*, 107 S.W.3d at 392 n.5, 393 n.6; *Myers*, 845 S.W.2d at 624.

On appeal, Defendant asserts the *nunc pro tunc* order did not correct a clerical error because the error first occurred in Plaintiff's petition. This argument has no merit because the term "clerical error" is not intended to designate who made the error, but what type of error was made. *See McGuire*, 447 S.W.3d at 663 (similarly holding with respect to the term "clerical mistake"); *see also In re Marriage of Royall*, 569 S.W.2d 369, 370-71 (Mo. App. 1978) (similarly holding and finding an error may be clerical whether it is made by the clerk, the judge, the jury, a party, or an attorney). Accordingly, the fact the clerical error first occurred in Plaintiff's petition and then was made in the Original Judgment is irrelevant of purposes of our analysis. *See id*. Instead, and as we previously held, what is dispositive in this appeal is that: (1) the trial court's *nunc pro tunc* order did not effect a substantive change to either party's rights; (2) the order corrected a clerical error in the previously-entered Judgment; and (3) the correction was supported by the record in the underlying case. *See McGuire*, 447 S.W.3d at 663; *Soskin*, 999 S.W.2d at 264-65; *see also L.R.S.*, 525 S.W.3d at 181, 181 n.4; *Farmers Exchange*, 107 S.W.3d at 392 n.5, 393 n.6; *Myers*, 845 S.W.2d at 624.

Based on the foregoing, the trial court did not err in entering the *nunc pro tunc* order. Defendant's sole point on appeal is denied.

### III. CONCLUSION

The trial court's *nunc pro tunc* order correcting a typographical error in the legal description of the Property set out in the Original Judgment is affirmed.

_____
ROBERT M. CLAYTON III, Judge

John P. Torbitzky, P.J., and
Michael S. Wright, J., concur.

12