

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| DONNA J. SCALISE, | ) | No. ED112945 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | 16SL-DR01731 |
| | ) | |
| WILLIAM J. SCALISE, | ) | Honorable Julia P. Lasater |
| | ) | |
| Appellant. | ) | Filed: August 26, 2025 |

William J. Scalise ("Husband") appeals the contempt order,[1] entered after a hearing, finding Husband in contempt for reducing and terminating his maintenance obligations to Donna J. Scalise ("Wife") in violation of the terms of the parties' dissolution judgment. After Husband filed the instant appeal, the issue of whether he has appealed from a final, appealable judgment was ordered taken with the case by this Court. Because we hold Husband has failed to appeal from a final, appealable judgment, we must dismiss this appeal.

### I. BACKGROUND

Husband and Wife were married in 1977. During the course of the parties' marriage, Husband and Wife started a business, Chase Partitions, Inc.

Husband and Wife separated in 2016, and the Honorable Jason D. Dodson of the Circuit Court of St. Louis County entered a judgment dissolving the parties' marriage in September

---

[1] We note the contempt order in this case is denominated a "judgment."

2017. The dissolution judgment incorporated the parties' marital settlement agreement and made orders relating to, *inter alia*, the division of property and maintenance. As relevant to this appeal, the parties' dissolution judgment: (1) awarded Husband Chase Partitions, Inc., including all property and liabilities of the company; (2) ordered Husband to pay Wife $5,750.00 per month in non-modifiable maintenance ("baseline maintenance"); (3) ordered Husband to pay Wife an additional $3,000.00 per month in additional maintenance ("additional maintenance");[2] and (4) contained provisions relating to when Husband's obligations for baseline maintenance and additional maintenance would be reduced or terminated.

Subsequently, in March 2023, Wife filed a motion for contempt[3] alleging Husband unilaterally and wrongfully reduced and terminated his maintenance obligations in violation of the terms of the dissolution judgment and that such violations were contumaciously, knowingly, intentionally, and willfully made. After a hearing, the Honorable Julia P. Lasater of the Circuit Court of St. Louis County ("trial court" or "court") granted Wife's motion and entered the May 2024 contempt order that is one of the subjects of the instant appeal. In relevant part, the trial court's May 2024 contempt order: (1) finds Husband in contempt for reducing and terminating his maintenance obligations to Wife in violation of the terms of the parties' dissolution judgment; and (2) assesses Husband a fine for his acts of contempt in the amount of $100.00 per day unless he purges himself of contempt as ordered by the court.[4]

---

[2] We note the dissolution judgment described this $3,000.00 per month payment as both "additional maintenance" and a "salary" Wife is entitled to if she is an employee of Chase Partitions, Inc.

[3] All references to Wife's motion for contempt are to her first amended motion for contempt.

[4] The court's contempt order specifically finds Husband could purge himself of contempt by: (1) paying Wife $20,000.00 for attorney's fees within thirty days after the order is entered; (2) paying Wife timely maintenance payments in the total amount of $8,750.00 per month, effective thirty days after the order is entered, in accordance with the terms of the parties' dissolution judgment relating to baseline maintenance and additional maintenance; and (3) paying Wife timely additional payments in the amount of $4,375.00 per month, effective thirty days after the order is entered, until past-due maintenance of $390,696.00 is paid in full, together with statutory interest of 1% per month.

Husband appealed the trial court's May 2024 contempt order. Thereafter, our Court issued an order directing Husband to show cause as to why his appeal should not be dismissed due to his failure to appeal from a final, appealable judgment. Husband then filed a November 2024 "judgment" ("November 2024 'judgment'" or "November 2024 document") purporting to certify findings in the May 2024 contempt order as final for purposes of appeal under Rule 74.01(b).[5]

After Husband filed the November 2024 "judgment," the issue of whether he has appealed from a final, appealable judgment was ordered taken with the case by this Court. Subsequently, our Court took the case under submission.[6]

## II. DISCUSSION

In this case, Husband raises two points on appeal requesting our Court to vacate the trial court's May 2024 contempt order.

### A. General Law Regarding This Court's Authority to Review Husband's Appeal

Before our Court can address the merits of this case, we must determine whether we have the authority to review Husband's appeal. *See Lane House Construction, Inc. v. Sithole*, 504 S.W.3d 102, 105 (Mo. App. E.D. 2016); *Keipp v. Keipp*, 646 S.W.3d 303, 305 (Mo. App. W.D. 2022). "In Missouri, the right [to] appeal is purely statutory." *Sithole*, 504 S.W.3d at 105. Accordingly, absent statutory authority, no right to appeal exists, and an appellate court has no authority to consider the merits of an appeal. *Wilson v. City of St. Louis*, 600 S.W.3d 763, 769 n.7 (Mo. banc 2020); *Sithole*, 504 S.W.3d at 105 (citing *Buemi v. Kerckhoff*, 359 S.W.3d 16, 20

---

[5] Unless otherwise indicated, all references to Rule 74.01 are to the version of Missouri Supreme Court Rule 74.01 effective from January 1, 2001, to the present.
[6] To avoid unnecessary repetition, additional facts relevant to this appeal will be set forth in Section II.B. of this opinion.

(Mo. banc 2011)). Furthermore, if our Court does not have authority to consider the merits of an appeal, we must dismiss the case. *See Sithole*, 504 S.W.3d at 105-06; *Keipp*, 646 S.W.3d at 305.

Section 512.020 RSMo 2016[7] governs the right to appeal in civil cases and provides in relevant part that an aggrieved party may appeal "from any . . . [f]inal judgment in the case[.]"[8] Section 512.020(5).

**B.      Analysis as to Whether Husband Has Appealed from a Final, Appealable Judgment**

In this appeal, we consider whether: (1) the May 2024 contempt order is a final, appealable judgment; and (2) the November 2024 "judgment" is a final, appealable judgment.

**1.      The May 2024 Contempt Order**

In this case, the May 2024 order seeks to compel Husband's compliance with the terms of the dissolution judgment by assessing Husband a fine for his acts of contempt in the amount of $100.00 per day unless he purges himself of contempt as ordered by the court.

The purpose of a civil contempt order is to compel one party to comply with the relief granted to another party in an order, judgment, or decree. *In re Marriage of Crow and Gilmore*, 103 S.W.3d 778, 780 (Mo. banc 2003); *Jones v. Jones*, 296 S.W.3d 526, 528 (Mo. App. W.D. 2009). In response to a civil contempt order, the party found in contempt has two options: (1) to purge the contempt by complying with the terms of the order, making the case moot and

---

[7] All statutory references to section 512.020 are to RSMo 2016 (effective from August 28, 2004, to the present).
[8] Section 512.020 also provides an aggrieved party in a civil case may appeal from any:
   (1) Order granting a new trial;
   (2) Order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction;
   (3) Order granting or denying class action certification provided that:
      (a) The court of appeals, in its discretion, permits such an appeal; and
      (b) An appeal of such an order shall not stay proceedings in the court unless the judge or the court of appeals so orders;
   (4) Interlocutory judgments in actions of partition which determine the rights of the parties or;
   (5) . . . [S]pecial order after final judgment in the cause[.]
Section 512.020(1)-(5). It is undisputed the trial court's May 2024 contempt order does not constitute any of the aforementioned rulings.

4

unappealable; or (2) to appeal the contempt order, but he must wait until the order is enforced and rendered final and appealable. *Crow*, 103 S.W.3d at 780-81; *Jones*, 296 S.W.3d at 528-29; *see also Keipp*, 646 S.W.3d at 305 ("[a] civil contempt order . . . is interlocutory when it is entered, and it does not become final and appealable until it is enforced") (citation and internal quotations omitted).

The timing of "enforcement" of a contempt order depends on whether the order's remedy to compel compliance is a compensatory *per diem* fine or imprisonment. *Crow*, 103 S.W.3d at 781. Where, as in this case, the remedy to compel compliance is a compensatory *per diem* fine, a contempt order is enforced when the moving party executes on the fine.[9] *See id*. at 780-81. Moreover, until a moving party executes on the fine, the contempt order has not been enforced, and it is not final and appealable. *Id*.; *Jones*, 296 S.W.3d at 529; *see also Keipp*, 646 S.W.3d at 305.

Here, there is nothing in the record indicating Husband has purged the contempt by complying with the terms of the May 2024 contempt order or that Wife has executed on the $100.00 per day fine assessed in the order. Because there is no indication Wife has executed on the fine, the contempt order has not been enforced, and it is not a final and appealable judgment. *See id*.

### 2. The November 2024 "Judgment"

In this case, Husband contends the issues he is raising on appeal are final and appealable as a result of the November 2024 "judgment" he filed in response to this Court's order to show cause. The November 2024 document purports to certify the findings Husband challenges as

---

[9] When the remedy to compel compliance is imprisonment, a contempt order is enforced when actual incarceration occurs or when a court issues an order of commitment. *Crow*, 103 S.W.3d at 781-82; *Keipp*, 646 S.W.3d at 305. In this case, the contempt order does not include imprisonment as a remedy to compel compliance.

final and appealable under Rule 74.01(b). For the reasons discussed below, we hold the November 2024 document is not a final, appealable judgment under Rules 74.01(a) and (b), and the document's attempt at certification is improper under Rule 74.01(b).

First, the November 2024 document is only signed by a family court commissioner and does not contain a judge's signature. Under Rule 74.01(a), a final and appealable judgment is a written document that is, *inter alia*, signed by a judge. *Id.*; *Williams v. Williams*, 982 S.W.2d 720, 721 (Mo. App. E.D. 1998) (citing a former, substantively similar version of Rule 74.01(a)). "A 'judge' for purposes of Rule 74.01(a) is a person selected for office in accordance with and authorized to exercise judicial power by Article V of the Missouri Constitution." *Williams*, 982 S.W.2d at 721 (citing *Slay v. Slay*, 965 S.W.2d 845, 845 (Mo. banc 1998)); *see also* Mo. Const. Art. V, Sec. 1. Because a family court commissioner does not meet this definition of a "judge," a document purporting to be a judgment that is only signed by a family court commissioner is not a final and appealable judgment for purposes of Rule 74.01(a). *Williams*, 982 S.W.2d at 721 (citing *Slay*, 965 S.W.2d at 845); *see also* Rule 74.01(a); Mo. Const. Art. V, Sec. 1. In this case, the November 2024 document is not a final and appealable judgment under Rule 74.01(a) because it is only signed by a family court commissioner. *See Williams*, 982 S.W.2d at 721 (citing *Slay*, 965 S.W.2d at 845); *see also* Rule 74.01(a); Mo. Const. Art. V, Sec. 1.

Additionally, the November 2024 "judgment" does not expressly determine that there is no just reason for delay. Under Rule 74.01(b), a judgment must, *inter alia*, expressly determine that there is "no just reason for delay" in order to be final and appealable. *Id.*; *Modern Motors, L.L.C. v. Gerber*, 505 S.W.3d 302, 305 (Mo. App. W.D. 2016). Without this determination, the November 2024 "judgment" is not a final and appealable judgment under Rule 74.01(b). *See id.*; *Gerber*, 505 S.W.3d at 305.

Finally, and perhaps most importantly for any future proceedings relating to the instant cause of action, the November 2024 "judgment" is not a final and appealable judgment because the findings Husband challenges on appeal are not appropriate for certification under Rule 74.01(b). A part of a single claim may not be separately appealed even if a trial court certifies it as final and appealable under Rule 74.01(b) because certification is improper under these circumstances. *See Jensen v. Howard*, 926 S.W.2d 77, 78 (Mo. App. W.D. 1996) (similarly holding); *see also Columbia Mut. Ins. Co. v. Epstein*, 200 S.W.3d 547, 551 (Mo. App. E.D. 2006) ("[i]t is 'differing,' 'separate,' 'distinct' transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim") (quoting, *inter alia*, *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997)). Furthermore, when a trial court's decision improperly certifies a part of a single claim as final and appealable, the decision is not a final and appealable judgment under Rule 74.01(b). *See Epstein*, 200 S.W.3d at 549-51; *Jensen*, 926 S.W.2d at 78; *see also* Rule 74.01(b).

In this case, the trial court's May 2024 contempt order grants Wife's motion for contempt and finds Husband in contempt for reducing and terminating his maintenance obligations to Wife in violation of the terms of the parties' dissolution judgment. On appeal, Husband raises two points requesting our Court to vacate the trial court's May 2024 contempt order because, he alleges, the court misapplied the law to the extent it made findings he violated the terms of the parties' dissolution judgment when he reduced and terminated his maintenance obligations to Wife. The November 2024 "judgment" purports to certify these findings Husband challenges as appealable under Rule 74.01(b); in other words, the November 2024 "judgment" attempts to certify findings that were part of and provided the basis for the trial court's May 2024 order granting Wife's contempt claim.

In sum, the findings Husband attempts to separately appeal here are part of Wife's contempt claim and the trial court's order ruling on that claim. Therefore, under the circumstances of this case, we hold: (1) the findings Husband challenges on appeal are not appropriate for certification under Rule 74.01(b); and (2) the November 2024 document which attempts to certify parts of Wife's contempt claim is not a final, appealable judgment under Rule 74.01(b). *See Epstein*, 200 S.W.3d at 549-51; *Jensen*, 926 S.W.2d at 78; *see also* Rule 74.01(b); *cf. Crow*, 103 S.W.3d at 782-83 (holding that a party may appeal a ruling in a decision deciding contempt when, *unlike in this case*, the trial court ruled on issues other than contempt and the issues raised on appeal were not a part of the contempt order).[10]

## C.  Conclusion as to Whether Husband Has Appealed from a Final, Appealable Judgment

Based on the foregoing, Husband has failed to appeal from a final, appealable judgment. Therefore, we must dismiss this appeal. *See Wilson*, 600 S.W.3d at 769 n.7; *Sithole*, 504 S.W.3d at 105; *Keipp*, 646 S.W.3d at 305; section 512.020(5); *see also Buemi*, 359 S.W.3d at 20.

### III.  CONCLUSION

The appeal is dismissed.

ROBERT M. CLAYTON III, Presiding Judge

Lisa P. Page, J., and
Michael E. Gardner, J., concur.

---

[10] *See also Watlow Elec. Mfg. Co. v. Wrob*, 878 S.W.2d 63, 65-66 (Mo. App. E.D. 1994) and *Strickland v. Strickland*, 941 S.W.2d 866, 867-68 (Mo. App. S.D. 1997) (collectively indicating that where, *unlike in this case*, a court's decision makes rulings on a motion or claim separate from a contempt motion or claim (such as the denial of a motion to modify, a grant of a motion for attorney's fees, the grant of a motion requesting damages on a supersedeas bond, or a denial of a post-judgment motion to introduce additional evidence), these separate rulings may be final and appealable when a trial court certifies them as final and appealable under Rule 74.01(b) and makes an express determination that there is no just reason for delay).